## CLUTE *against* WIGGINS.

IN ERROR, on *certiorari* to a justice's court. *Wiggins*, a waggoner, brought an action on the case against *Clute*, a tavern-keeper, to recover the value of several bags of wheat and barley, stolen from the sleigh of the plaintiff during the night, while he was entertained as a guest in the house of the defendant.

At the trial before the justice, it was proved that the defendant kept a tavern, in the town of *Half Moon;* that the plaintiff came to the defendant's house, with a load of wheat and barley, and was there received as a guest for the night; that his horses were put into the plaintiff's stable, and his sleigh, with the wheat

*Innkeepers are chargeable for the goods of their guests, or stolen, their... to ren... liable... nece... the... be... to... kee... ge... al... w... w... g... ou... p...*

Inn, where loads of that description were usually received, and the grain was stolen during the keeper was held responsible for the loss.

NEW-YORK,  and barley, " was put into the waggon-house of the plaintiff,
May, 1817.  where it had been usual for the defendant to receive loads of that
CLUTE     description." The next morning it was discovered that the
v.        door of the waggon-house had been broken open, and all the
WIGGINS.  wheat and barley stolen from the plaintiff's sleigh.

The justice gave judgment for the plaintiff, for twenty-five dollars, with costs.

*Weston,* for the plaintiff in error, contended, that the general rule of law as to the responsibility of inn-keepers did not apply to this case, as *Wiggins* had deposited his goods in the waggon-house, and had not delivered them into the special and peculiar custody of the landlord himself. It is true, that for the horse of a traveller, the inn keeper is liable, for he has a profit in keeping the horse;* but from keeping the goods, he could derive no benefit. And no negligence is shown, that could make the defendant liable as a bailee.

3 Bac. Abr.
ns and Inn-
eepers, (C. 5)
Comyn's Dig.
229.

*Skinner,* contra, insisted, that to make the inn-keeper liable, it was not necessary that the goods of the guest should be actually delivered to him to keep.† The case of *Bennet* v. *Miller,*‡ decided by the court of king's bench, was a much stronger case than the present. There the servant to the plaintiff came to the inn of the defendant, and asked the defendant's wife to take care of his goods until the next market day, which she refused to do, because the house was full of parcels. The servant then sat down in the inn, and had some liquor, and put the goods on the floor behind him; and when he got up, after sitting a short time, the goods were missing. The court held, that as the servant was sitting in the inn as a guest, he was entitled to the same protection for his goods, as any other guest; and that the goods need not be in the special keeping of the landlord, to make him liable.

Case, 8
Rep.

*Per Curiam.* The liability of an inn-keeper for such losses, arises from the nature of his employment. He has privileges by special license. He holds out a general invitation to all travellers to come to his house, and he receives a reward for his hospitality. The law, in return, imposes on him corresponding duties, one of which is, to protect the property of those whom he receives as guests.

On general principles applicable to this subject, the defendant is liable for the loss sustained in this case. He received the plaintiff as his guest, for the night, with his loaded sleigh and horses. The sleigh with its contents was put into an outhouse appurtenant to the inn, "where it had been usual for the defendant to receive loads of that description." The doors of this waggon-house were broken open, from which it may be inferred that the building was close, and the doors fastened in such a manner as to promise security. The bags of grain, therefore, may be deemed to have been *infra hospitium;* and being so, it is not necessary to prove negligence in the innkeeper, to make him liable for the loss. (*Cayle's Case,* 8 Co. 32. *Bennet* v. *Miller,* 5 *Term Rep.* 273.)

*huellm*                                Judgment below affirmed.