HARRY C. ROSENBERG, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Second Department, November 9, 1917.

Carriers — liability of railroad company for acts of veterinarian selected to care for horses in transit — action to recover for horse killed in transit by veterinarian engaged by carrier — instruction stating erroneous ground of liability — reversal of judgment and ordering of new trial even in absence of specific exception — burden of proof.

A common carrier in selecting a veterinarian to care for animals in transit is only bound to exercise reasonable care and prudence.

Where, in an action to recover the value of a horse killed in transit while distant from the place of delivery by a veterinarian engaged by the defendant, the veterinarian testified that he killed the horse which was fatally ill to end its suffering, and there was no proof of negligence of

carriage, an instruction that the jury must cast liability on the defendant if they concluded that the veterinarian erred in his diagnosis, stated an erroneous rule of liability constituting a ground for a reversal of the judgment, even in the absence of specific exception.

The plaintiff in such an action has the burden of showing that the failure of delivery was not excused by the exceptions of liability contained in the contract of carriage.

APPEAL by the defendant, The New York Central Railroad Company, from a judgment of the County Court of Orange county, entered in the office of the clerk of said county on the 29th day of January, 1917, upon the verdict of a jury for $100, and also from an order entered in said clerk's office on the 1st day of February, 1917, denying its motion for a new trial made upon the minutes.

*Reeve Ketcham* [*William F. Cassedy* with him on the brief], for the appellant.

*J. Harold McCord*, for the respondent.

JENKS, P. J.:

The plaintiff gained a verdict against a common carrier for the value of a horse. When the horse was in transit and quite far from the place for delivery, it was killed by a veterinarian who had been called in by the defendant. The veterinarian testified that he concluded that the horse was fatally ill, would die within a few hours, and that the killing was to end suffering. He testified that he thus acted upon his own responsibility.

I think that the verdict rests upon a mistaken ground of liability, for the court told the jury, without protest by the plaintiff, that there was no proof of negligence of carriage, but submitted the question of liability for the act of the veterinarian, with the instruction that the jury must cast liability on the defendant if they concluded that the veterinarian erred in his diagnosis against recovery. Now, the obligation of the defendant with respect to the veterinarian was but to exercise reasonable care and prudence in his selection. (*Laubheim* v. *De K. N. S. Co.*, 107 N. Y. 228.) The plaintiff did not strive to show that defendant fell short in its care or prudence of selection. And even if the jury preferred the proof of the plaintiff to that of the defendant

as to the illness, its causes, consequences, treatment and fatality, that proof pointed to nothing but professional error, and not to such professional incapacity that in itself permitted an inference of negligence of the defendant in selection. We must infer that the wrong rule of liability laid down by the court worked injustice, and, therefore, even in the absence of specific exception, we should reverse the judgment and order a new trial. (*Gowdey* v. *Robbins,* 3 App. Div. 353; *Gillett* v. *Trustees of Kinderhook,* 77 Hun, 604; *Smith* v. *Long Island Railroad Co.,* 129 App. Div. 427; *Swift* v. *Poole,* 172 id. 10.) In view of the new trial, it may be pointed out that the plaintiff bears the burden of showing that the failure of delivery was not excused by the exceptions of liability contained in the contract of carriage.

The judgment and order of the County Court of Orange county are reversed and a new trial is ordered, costs to abide the event.

MILLS, RICH, PUTNAM and BLACKMAR, JJ., concurred.

Judgment and order of the County Court of Orange county reversed and a new trial ordered, costs to abide the event.