Saint Paul Fire and Marine Insurance Company, Respondent, *v.* E. H. Trice Motor Company, Inc., Appellant.

Third Department, November 15, 1922.

**Bailments — action to recover value of automobile — defendant was gratuitous bailee — car stolen while in defendant's possession — no proof of gross negligence — defendant not liable.**

The defendant was a gratuitous bailee of the Ford automobile to recover the value of which this action was brought, as it appears from the evidence that the car, which was the property of the Ford Motor Company, was placed in the building of the defendant, an agent of the Ford Motor Company, for storage over night, by the driver of the car who was a roadman engaged by the Ford Motor Company to inspect its several agencies, and there was no evidence that the defendant intended to charge for storing the automobile.

There was no proof of gross negligence on the part of the defendant, which is necessary to make a gratuitous bailee liable for the loss of property, for the only evidence of the cause of the loss was that in the morning an agent of the defendant placed the car in an alleyway or street near the defendant's place of business and that it was taken or stolen therefrom by some person or persons other than the defendant or its agents, and there was no proof as to the exact place where the car was parked or whether it remained within view of the agents of the defendant or whether it was guarded or otherwise secured against removal.

Appeal by the defendant, E. H. Trice Motor Company, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 10th day of March, 1922, upon the verdict of a jury rendered by direction of the court after a trial at the Albany Trial Term, and also from an order entered in said clerk's office on the 17th day of April, 1922, denying defendant's motion for a new trial made upon the minutes.

*Andrew J. Nellis,* for the appellant.

*Thomas H. Ward,* for the respondent.

H. T. Kellogg, Acting P. J.:

The complaint, among other things, alleged that the Ford Motor Car Company, on the 14th day of October, 1921, delivered to the defendant a Ford touring automobile for storage; that the defendant for value agreed to store the automobile until the following day; that it promised to deliver the automobile to the Ford Motor Car Company upon the following day; that on the 15th day of October, 1920, the Ford Motor Car Company demanded the automobile of the defendant; that the defendant refused to deliver the same; that the refusal of the defendant was due to its negligence in placing the automobile in a public highway; that the Ford Motor Car Company thereafter assigned all its right, title and interest in and to any claim against the defendant to this plaintiff; that the Ford Motor Car Company was injured in a certain sum by the failure of the defendant to deliver the car. The answer denied all the material allegations of the complaint except that it admitted the incorporation of the plaintiff, the incorporation of the defendant, the leaving of the automobile with the defendant as an accommodation to the Ford Motor Car Company, and the placing of the car on the morning of the fifteenth of October in an alleyway near its garage.

The following facts were proven: One Herbert G. Brown was an agent of the Ford Motor Car Company and roadman for its branch office in New York. It was his duty to check up dealers in Ford automobiles upon various lines of their business, to examine their buildings, to investigate their sales, to determine the character of service which they were giving. In accomplishing this duty it was necessary for Brown to travel throughout the State of New York. On October 14, 1920, in pursuit of his duty, he drove a Ford automobile from Delhi, N. Y., to Albany, N. Y. He arrived in front of a building of the defendant in Albany, N. Y., at about seven o'clock on the evening of that day. A salesman was in the act of locking up the building. Brown asked if he could get his

**220**   St. Paul Fire & Marine Ins. Co. *v.* Trice Motor Co., Inc.

Third Department, November, 1922.        [Vol. 203

car in, and the salesman told him that he would see if he had space. After looking about the building the salesman told Brown to drive to the street in the rear. Brown drove as directed, and was able, though just barely, to get his car in the building. On the morning of October fifteenth, at about eight-thirty o'clock, Brown visited the place of business of the defendant and asked for his car. The car was not to be found either in the building or upon the street in its vicinity. From the allegations of the complaint and the admissions of the answer it must be taken as a fact that the car that morning had been removed from the building to a street or alleyway in its vicinity and had been taken or stolen from the place where it had thus been placed by some person or persons other than the defendant or its agents.

The building in question faced upon Broadway and ran through to Liberty street in the rear. The front of the building was used for the display of Ford cars and other wares in which the defendant dealt. The use to which the rear of the building was put was not explained. The building was called a garage by the principal witness for the plaintiff, but it nowhere appears in the proof that it was a public garage, that it was used to store cars for hire or that cars other than automobiles which the defendant had for sale or was in the course of repairing for customers were ever stored therein. There was no proof that Brown contracted with the defendant or its agents for the storage of his car for hire. As the defendant was a sales agent of Ford cars and its building and business were, therefore, subject to inspection and investigation by Brown, it is highly probable that no charge was intended by the defendant to be made, or intended by Brown to be paid for storage. No other conclusion can be drawn from the proof than that the bailment of the car was a gratuitous bailment.

A gratuitous bailee is liable for the loss of the thing bailed provided only the loss is due to his gross negligence. (*Ouderkirk* v. *C. N. Bank*, 119 N. Y. 263; *Gottlieb* v. *Wallace Wall Paper Company*, 156 App. Div. 150.) No proof of such negligence was given in this case. The place in the alleyway or public street to which the car was removed was not stated. It did not appear whether the car when thus placed remained within view of agents of the defendant. There was no proof that a watchman was not stationed at the car by the defendant to guard it; that the engine of the car was not locked; that the car was not otherwise reasonably secured against removal. The meagre proof given did not justify the finding that the defendant had been guilty of gross negligence in relation to the car, and was, therefore, as a gratuitous bailee, liable for its loss.

The judgment and order should be reversed and a new trial granted.

Kiley and Van Kirk, JJ., concur; Hinman and Hasbouck, JJ., concur in an opinion by Hinman, J.

Hinman, J. (concurring):

Where a bailee of goods, although liable to their owner for loss only in case of negligence, fails, nevertheless, upon being demanded, to deliver them or account for such non-delivery, this is treated as *prima facie* evidence of negligence. It is presumed in such case that the bailee has exclusive knowledge of the facts and that he is able to give the reason for his non-delivery, if any exist, other than his own act or fault, or that he actually retains the goods and by his refusal converts them. (*Hasbrouck* v. *N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 363.)

In *Hasbrouck* v. *N. Y. C. & H. R. R. R. Co.* (*supra*, 373) the court indicated that the rule applies equally well to a gratuitous bailment, saying: " Whether it was a bailee for hire in performing a service incidental to her carriage as a passenger with the obligation of ordinary care, or a gratuitous bailee with the obligation of slight care, the result is the same. In either event, as we held in the case cited, some care was required, yet none was shown. The law required the defendant to return all the property intact, or to explain its loss in some satisfactory way, but it did neither."

If the bailee fails on demand to deliver the goods or to explain, the presumption of liability arises and if the goods cannot be found it furnishes the imputation of negligence as the cause (*Fairfax* v. *N. Y. C. & H. R. R. R. Co.*, 67 N. Y. 11); but such presumption is overcome when it is made to appear that the loss was occasioned by some misfortune or accident, such as theft, fire or destruction and then the onus is upon the bailor to prove that this was chargeable to the negligence of the bailee. (*Stewart* v. *Stone*, 127 N. Y. 500; *Claflin* v. *Meyer*, 75 id. 260.)

I think the plaintiff established a *prima facie* case under the pleadings and the proof. It proved a failure to deliver on demand and the proofs are devoid of explanation of the loss. It is true that the complaint alleged as negligence that the defendant placed the car out in a public street but that allegation of the complaint does not show a theft. The loss was quite as likely to have arisen from a subsequent misdelivery by an employee of the defendant as from theft. Placing it in the street does not even show loss of the property. The defendant could as likely have converted the car to its own use. One might infer from the answer that the defendant meant to explain a loss by theft, while the car was standing in

the street or alleyway "used for the purpose for a long time preceding." This cannot, however, be assumed as a fact as a part of either party's case unless admitted or proved, and there is no such proof in the case.

While I think that the plaintiff proved a *prima facie* case of liability, I believe there was error in directing a verdict for the plaintiff after counsel for the defendant specifically asked to go to the jury on the question of damages. This was done before the verdict was directed and the jury was not bound to accept the value placed upon the car by one of plaintiff's witnesses where the car had been described, and it had been shown to have been used even though a practically new one and that the owner had assigned its claim for damages to its insurance carrier for less than the value estimated by the witness.

I favor a reversal of the judgment and order and the granting of a new trial, with costs to the appellant to abide the event.

HASBROUCK, J., concurs.

Judgment and order reversed on the law and facts and new trial granted, with costs to the appellant to abide the event.