HARRIET L. BARRY, Respondent, *v.* JOSIAH C. MERRIMAN, Defendant, Impleaded with BOWMAN BILTMORE HOTELS CORPORATION, Appellant.

Second Department, January 29, 1926.

Innkeepers — action against physician and hotel corporation to recover damages for injuries suffered when plaintiff, guest of hotel, was treated by physician having office in hotel — complaint alleged that servants of hotel advised her to be treated by physician, who was recommended as able, and that physician treated her improperly and negligently — no allegation that physician was incompetent or that he was employed by hotel — complaint is insufficient as to hotel corporation.

A complaint in an action against a physician and a hotel corporation to recover damages claimed to have been suffered by the plaintiff, a guest of the hotel, by reason of improper and negligent treatment by the physician who had offices in the hotel is insufficient as to the hotel corporation, which alleges merely that plaintiff suffered an injury to her knee; that servants of the defendant hotel advised her to be treated by the defendant physician who had an office in the hotel, stating that the physician was fit and proper and able to treat her; and that the defendant physician did treat her in so negligent and improper a manner as to cause the injuries complained of, for there is no allegation in the complaint that the physician was incompetent or that he was in the employ of the defendant hotel corporation; the mere fact that servants recommended the defendant physician does not impose any responsibility on the defendant hotel corporation for negligence on the part of the physician.

APPEAL by the defendant, Bowman Biltmore Hotels Corporation, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Queens on the 12th day of November, 1925, denying a motion to dismiss

the complaint as to the appellant upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

*John McKim Minton, Jr.,* for the appellant.

No appearance or points for the respondent.

KELLY, P. J. The defendant, appellant, Hotels Corporation moved pursuant to rule 106 of the Rules of Civil Practice for an order dismissing the complaint as to said defendant, upon the ground that it does not state facts sufficient to constitute a cause of action against said defendant. The motion was denied at Special Term and the defendant Hotels Corporation appeals from the order.

The complaint alleges that said defendant is a domestic corporation engaged in business in the city of New York, and that in connection with its business it owned and conducted the Hotel Commodore in said city; that the defendant Merriman was an osteopath physician who had an office for the practice of his profession in the defendant's hotel; that on June 11, 1924, the plaintiff was a guest of the hotel, and that on said day she met with an accident on Forty-second street in front of the hotel, in which she injured her right knee. Plaintiff alleges that she informed the proper agents or employees of the Hotels Corporation of her injuries and that they suggested to the plaintiff and she was advised and directed by them in connection with their employment, that the defendant Merriman was fit and proper and able to treat her for her injuries in his capacity as a physician, and she alleges that they directed said Merriman to treat her at the hotel. Plaintiff alleges that defendant Merriman on said 11th day of June, 1924, so treated her injured knee as to cause her additional injuries, pain and suffering, and that he aggravated her existing injuries. She alleges that the treatment and services rendered by defendant Merriman were careless, negligent and improper, and not the kind of treatment required by the plaintiff.

It is alleged in the complaint that the defendant Hotels Corporation, its agents, servants or employees in the course of their employment, in connection with the business and operation of said hotel and as one of the service features of said hotel, represented that defendant Merriman was a capable, proficient and able physician, and that he was recommended by said agents and employees to the hotel guests for treatment of injuries. Plaintiff alleges that the aggravation of her injuries and her additional pain and suffering after receiving treatment from defendant Merriman, were caused through the fault and negligence of the defendants Merriman and the Hotels Corporation and each of them, their agents, servants or employees, and without fault or negligence on the part of the

Second Department, January, 1926.     [Vol. 215

plaintiff, " and further by reason of the fact that the defendant Merriman improperly and negligently practiced his profession." Plaintiff asks damages against the defendants for her pain and suffering, expenses and loss of earnings, past and future.

The defendant Hotels Corporation argues that the complaint does not state facts sufficient to constitute a cause of action against said Hotels Corporation.

It will be noticed that the complaint contains no averment that the physician Merriman was employed by the Hotels Corporation. The allegation is that he was a physician and that he had an office for the practice of his profession in the hotel. It is not alleged that he was a guest or that he resided at the hotel. He may have had other offices in other places in the city. Nor is there any allegation that he was not a competent physician or that the Hotels Corporation or its employees were negligent in recommending him to the plaintiff or in their alleged direction to him to treat her. It is difficult to see how the " direction " could be more than a request to the doctor to help the injured woman, because there are no facts alleged which gave the employees of the hotel authority to direct the physician to do anything. The allegation is that the physician was negligent in his treatment of the plaintiff. Nor is there any allegation that the defendant Hotels Corporation shared or had any interest in the physician's charge for his services to the plaintiff. The complaint alleges that the Hotels Corporation and its agents and employees represented him as a capable, proficient and able physician, but there is no allegation that he was not capable, proficient and able or that the Hotels Corporation was negligent in permitting him to have an office in the hotel building. True, the plaintiff alleges that he did not treat her properly and that he was negligent, and on a motion such as this we must take her allegations as true, but the best of men may make a mistake. I do not think any inference can be drawn because of this allegation in the complaint that the physician was not capable, proficient and able. There have been many changes in the methods of conducting the ancient business of the innkeeper. The inns in the cities, and especially in New York city and the larger centers of population throughout the country, have developed into immense structures accommodating thousands of guests. Comforts and conveniences for their guests are provided by the individuals and corporations conducting these establishments never dreamed of in the old days. But the measure of the duty of the innkeeper to his guest has not been substantially altered. When the hotel employs and furnishes these conveniences as a part of its duty to its guests or voluntarily, it may be that it would be responsible for the negligence of its

agent or employee in performing the work he was employed to do as the representative of his employer, the hotel company. But when we find stores and offices in hotel buildings which, while they may be a convenience to the guest at the hotel, are entirely apart from any duty which the hotel owes to its patrons, it seems to me there is no relation of *respondeat superior* between the hotel company and these outside enterprises. We find physicians and lawyers conducting offices in hotels; brokers, florists, milliners, drug stores in the hotel buildings, saving the steps of the guests if they desire to patronize them. Most of the larger hotels have in their establishments telegraph offices for the convenience of their patrons. But, it seems to me, there is no authority in law or reason for holding the hotel company responsible for the alleged negligence of these outside conveniences, whether they be brokers, lawyers, physicians, telegraph companies, milliners or haberdasheries. The relation of master and servant does not exist between the hotel company and these guests or tenants. Because a hotel clerk or porter or bellboy may recommend them to a guest at the hotel, it does not follow that the hotel is responsible for the alleged negligence of the physician or the lawyer, drug store clerk or the salesman in the boot and shoe shop. When the plaintiff, injured by her fall on Forty-second street, returned to the hotel asking for a doctor, what was more natural, humane and proper than the information given to her that the defendant physician had an office in the hotel and the suggestion and advice to her as alleged in the complaint that he was fit and proper and able to treat her, and the request or alleged direction to the defendant physician to treat her. A woman claiming that she had met with an accident, asking for a physician, was the hotel to refuse to assist her and order her away to a hospital in an ambulance, with the alternative risk of responsibility for her medical treatment? Such a claim seems to me to be very unreasonable. I think the responsibility of the Hotels Corporation to the plaintiff was to exercise reasonable care for her safety, comfort and entertainment while she was a guest at the hotel. What constitutes reasonable care depends upon the circumstances of the case. (*Thomas* v. *Wollcott*, 180 N. Y. Supp. 798 [App. Term, First Dept.], LEHMAN, J.) The Hotels Corporation was not an insurer of the safety of her person. (*Clancy* v. *Barker*, 131 Fed. 161; 66 C. C. A. 469; 69 L. R. A. 653 [Circuit Court of Appeals, Eighth Circuit], SANBORN, Circuit Judge.) It has been said that the liability of an innkeeper is the same as that of common carriers and similar institutions, but Judge SANBORN in the case last cited points out that while the duties of an innkeeper to his guests may be similar to the duty of a carrier to the passenger, the limit of their liability is not the same.

And the learned judge in commenting upon the extension in recent years of the liability of the carriers to the passengers says: " But an innkeeper's liability for the condition and operation of his hotel is limited to the failure to exercise ordinary care, because his is an ordinary occupation fraught with no extraordinary danger. *Sandys* v. *Florence,* 47 L. J. C. P. N. S. 598, 600. * * * The innkeeper does not take, nor does the guest surrender, the control or dominion of the latter's person. The performance of the contract of entertainment is not the chief occupation of the parties, but it is subordinate to the ordinary business or pleasure of the guest. The innkeeper assigns a room to his guest, but neither he nor his servants direct him when or how he shall occupy it; but they leave him free to use or to fail to use it, and all the other means of entertainment proffered, when and as he chooses, and to retain the uncontrolled dominion of his person and of his movements. The agreement is not that the guest shall surrender the control of his person and action to the servants of the innkeeper, in order that he may be protected from injury and entertained. It is that the guest may retain the direction of his own action, that he may enjoy the entertainment offered, and that the innkeeper will exercise ordinary care to provide for his comfort and safety. The servants of the innkeeper are not placed in charge of the person of the guest, to direct, guide, and control his location and action, nor are they employed to perform any contract to insure his safety; but they are engaged in the execution of the agreement of the master to exercise ordinary care for the comfort and safety of the visitor. The natural and logical result of this relation of the parties is that when the servants are not engaged in the course or scope of their employment, although they may be present in the hotel, they are not performing their master's contract, and he is not liable for their negligent or willful acts." The learned judge pointed out this distinction between the liability of a carrier for willful or negligent acts of its employees as compared with the more limited liability of an innkeeper. But in the matter of supplying medical attention to the passenger it has been held that the duty of a carrier is " to select a reasonably competent man for that office, and it is liable only for a neglect of that duty. * * * It is responsible solely for its own negligence and not for that of the surgeon employed. * * * If in plaintiff's case he erred in his treatment it does not prove that he was incompetent, or that it was negligence to appoint him." (*Laubheim* v. *De K. N. S. Co.,* 107 N. Y. 228, and cases cited; *Rosenberg* v. *New York Central Railroad Co.,* 180 App. Div. 79; *Stage* v. *Michigan Central Railroad Co.,* 199 id. 675.) In the *Stage Case* (*supra*) the defendant appealed from an order denying

its motion for judgment upon the pleadings, and this court in the Fourth Department said: "The defendant is not liable for the incompetency of the physicians, surgeons, nurses and attendants furnished by it to the plaintiff, unless it was negligent in selecting or furnishing the same [citing cases]. There is no allegation in the complaint that the defendant was negligent in this regard, nor any allegation whatever upon which actionable negligence may be predicated against it," and the order denying defendant's motion for judgment upon the pleadings was reversed and judgment directed for the defendant.

If this is the law governing the greater responsibility of the carrier to the passenger, it must follow that in the case at bar against an innkeeper, where there is not only no allegation of incompetency on the part of the physician, but, in addition, absence of allegation that the physician was employed by or represented the innkeeper, and where his service to the plaintiff was based merely upon an alleged recommendation of the doctor, whose only connection with the innkeeper is alleged to be that he had an office in the hotel building, I think the complaint contains no allegation upon which actionable negligence can be predicated against the defendant Hotels Corporation.

I recommend that the order denying the motion of defendant Bowman Biltmore Hotels Corporation for dismissal of the complaint upon the ground that it does not state facts sufficient to constitute a cause of action against said defendant, be reversed upon the law, with ten dollars costs and disbursements, the motion granted, and the complaint dismissed, with costs, as to said defendant.

RICH, JAYCOX, KAPPER and LAZANSKY, JJ., concur.

Order denying motion for dismissal of complaint reversed upon the law, with ten dollars costs and disbursements, motion granted, and complaint dismissed, with costs, as to said defendant.