JULES LADER, Appellant, *v.* CHARLES WARSHER, Doing Business as ST. CHARLES HOTEL, Respondent.

County Court, Columbia County, December 29, 1937.

*Nathan H. Richman*, for the appellant.

*Coffin, Coffin & Inman* [*George C. Inman* on the brief], for the respondent.

GILLETT, J. This is an appeal from a judgment of the City Court of Hudson dismissing plaintiff's complaint after a trial of the issues.

Between nine and ten P. M. on June 25, 1937, appellant, a traveling salesman for a wholesale liquor establishment, parked his automobile in a space provided, free of charge, for that purpose for guests of the hotel which respondent conducts in Hudson, N. Y.

He registered at the hotel, locked his automobile for the night, leaving his sample case and some other items of personal property in the car, and retired.

He was a regular customer of the hotel and had done the same thing many times before.

During the night some unknown person forced an entrance into his car and carried off a sample case and some other personal property, the value of which has been stipulated to be fifty dollars.

This action is brought to recover that sum from the hotelkeeper on the theory that he is responsible for the loss under the doctrine of *infra hospitium*.

Under the rules of the common law an innkeeper is an insurer of the property of his guests and liable for the loss thereof or damage thereto unless the loss is caused by the negligence of the guest, the act of God or the public enemy. (*Purvis* v. *Coleman*, 21 N. Y. 111; *Millhiser* v. *Beau Site Co.*, 251 id. 290.)

This responsibility or liability was limited by statute in this State as early as 1854, and such exemption from liability has been enlarged from time to time by the Legislature until today, under article 12 of the General Business Law (§§ 200 *et seq.*), an innkeeper's liability is limited by law to cases involving money, jewelry, negotiable securities, wearing apparel and property in transport to or from the hotel.

Such articles as above enumerated clearly fall within the doctrine of *infra hospitium*, for they are usually, one might say, universally actually placed within the building used as an inn.

Section 203-a of the General Business Law (added by Laws of 1937, chap. 741), limiting a hotelkeeper's liability for property in transport to or from the hotel, was probably enacted to meet the situation created by the decision of the Court of Appeals in the case of *Davidson* v. *Madison Corp.* (257 N. Y. 120).

That case is interesting and instructive in this situation as showing the reluctance of our courts to emasculate or weaken the high degree of care imposed on innkeepers by the common law when dealing with or handling property of a guest intrusted to his care or in his hotel.

None of the personal property for which recovery is here sought in this action was ever " within the walls of the inn " *infra hospitium*.

That is a significant fact. For the rule of absolute liability of an innkeeper for loss of property of a guest under the common law has always, so far as I can ascertain, been limited and applied to cases where the property was within the walls of the inn itself and not outside them; or if outside the walls the goods must have been in the care and under the charge of the innkeeper. (*Slater* v. *Landes*, 172 N. Y. Supp. 190; 2 Bouvier's Law Dict. [Rawle's Rev.], p. 1565.)

Where property is damaged or lost outside the inn itself the landlord's liability is measured by a different rule; it may be one of the many and various rules relating to contract or negligence or agency or bailment or what have you.

There is a distinction between the instant case and the line of cases relied upon by the appellant, beginning with *Clute* v. *Wiggins* (14 Johns. 175).

In *Clute* v. *Wiggins* the goods were locked up in a part of the inn used as a stable, which was burglarized during the night and the goods stolen. In every other case of similar import the goods were actually within the inn or some part thereof.

In the instant case appellant parked his car in the open air in a vacant lot provided free of charge by respondent for guests of his hotel.

Respondent, at the most, was a bailee, and his responsibility and liability must be measured by rules applicable to that relationship.

If respondent was a bailee for hire on the theory that he derived some indirect benefit or profit in his business by providing a free parking place for automobiles belonging to his guests, he is held to the rule of ordinary care (*Goldstein* v. *Blumberg*, 130 N. Y. Supp. 163); or if he was a gratuitous bailee he was liable only for gross negligence. (*St. Paul Fire & Marine Ins. Co.* v. *Trice Motor Co., Inc.*, 203 App. Div. 218.)

In either case the burden of proof was on the appellant. (*Stewart* v. *Stone*, 127 N. Y. 500.) The doctrine of *res ipsa loquitur* does not apply.

The judgment of the City Court is affirmed, with costs.