MARGARET BRISTOL, Respondent, *v.* CARL ERNST and MARIE ERNST, Appellants.

First Department, May 2, 1941.

*Harold V. Angevine* of counsel [*James A. Hughes*, attorney], for the appellants.

*Leo E. Falkin* of counsel [*Robert Pomerance* with him on the brief; *Pomerance & Snitow*, attorneys], for the respondent.

UNTERMYER, J. The plaintiff and a friend were guests at the defendants' summer hotel. For the use of their guests the defendants maintained a swimming pool a short distance from the hotel. While wading into the pool to which the plaintiff was conducted soon after arrival, she sustained a severe cut on one foot, caused by a piece of glass at the bottom of the pool.

The principal issue at the trial concerned the character of the supervision exercised by the defendants over the pool and the adjacent areas. It is sufficient to say that the evidence on that issue was conflicting and that the jury could have found that the glass which caused the injuries could not have been detected, nor its presence in the pool prevented, by the exercise of ordinary care even though ordinary care included the duty of reasonable supervision.

Under these circumstances it was important that the jury should be instructed with accuracy concerning the duty assumed by the defendants in connection with the operation of the pool. The law did not impose on the defendants an absolute duty to maintain the pool in a reasonably safe condition. It imposed upon them only the duty to exercise ordinary care in the maintenance of the pool. (*Barry* v. *Merriman*, 215 App. Div. 294.) If that was the measure of their duty then it must be held that the court erred in charging that " It was the duty of the defendants, having held this out as an inducement to the guests, to keep it in a reasonably safe condition. It was their duty to see that there was nothing on the bottom of the pool that would cause injuries to those that were using it in a careful and prudent manner," and further that " it is the duty of the owner or the maintainer of the pool to keep it free and clear from any obstructions that would be of a dangerous character."

The court should have instructed the jury that the defendants' duty consisted in exercising reasonable care and supervision in maintaining the pool in such a condition that it would not cause injury to persons availing themselves of the facilities.

It is true that the court also charged in general terms that in order to recover " the plaintiff must satisfy you that the defendants were negligent, that is, that they maintained their pool in a careless manner at this particular time, that they did not give it the proper supervision that the conditions and the circumstances warranted." But these instructions were in direct conflict with those portions of the charge which imposed on the defendants an absolute duty to maintain the pool in a reasonably safe condition.

In this state of the record we think it was error to refuse the defendants' request to charge as follows: " Now, I except to your Honor's charge in respect of the burden that you have placed upon the defendants as to active inspection and maintenance of this pool, and I ask your Honor to charge that if the jury find that the defect from which the plaintiff was hurt could not have been discovered by reasonable inspection, then they must find a verdict for these defendants." The defendants duly excepted to the court's refusal to charge as had been requested and again requested the court to charge " that the only burden resting on the defendants is to use reasonable and ordinary care in the supervision of the pool," which the court again refused.

Under all these circumstances it is highly probable that the jury interpreted the court's instructions to mean that the defendants, having invited the plaintiff to use the pool, assumed an absolute duty to maintain it in a reasonably safe condition and that

their duty was not discharged by the exercise of ordinary care in the maintenance and supervision of the pool.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

O'MALLEY, TOWNLEY, GLENNON and COHN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.