OPINION OF THE COURT
Leon A. Beerman, J.
The plaintiff has brought this claim to recover for property losses suffered when her apartment was burglarized in her absence due to the negligence of the defendant New York City Housing Authority.
A trial was held on January 28, 1982, from which the following findings of fact and conclusions of law are made:
FINDINGS OF FACT
On April 22, 1981, plaintiff, a tenant at 31-80 51st Street, Woodside, New York, returned home from work to find her apartment door unlocked. Her entry into the apartment revealed that the premises had been ransacked and burglarized. On the following day, the plaintiff went to the defendant’s security office and reported the theft. A written report of the incident was made, in which the missing items were described; although an investigation was conducted, no property was recovered and the perpetrator not apprehended.
Approximately one and one-half months after the incident the plaintiff received a rent bill which included a charge of $1.50 for “lock-out” service. When plaintiff ques *1035 tioned the service charge, she was informed that on April 22, 1981 a request for lock-out service was made to the office by her son.
“Lock-out” service was described by the defendant’s manager as a procedure whereby tenants who are locked out of their apartments can gain entry by calling the security office and explaining the circumstances. It was testified to that as a precautionary measure, the employee in the office asks the tenant a personal fact about that tenant or their family as a means of identification. If the response satisfies the inquirer he is required to sign a lockout request form and an officer is sent to open the door. That person is then let into the apartment and the officer returns to the office.
In the instant case the defendant exhibited a form purported to be signed by one “Douglas Prager”, son of the plaintiff/tenant. Plaintiff insisted the signed request was a forgery and impossible inasmuch as her son Douglas was in the Navy boot camp at the time. Furthermore, the court compared the signatures of her son Douglas from letters written to plaintiff during his naval training period with the signature on the request form and although the court admits it is not a graphologist, the signatures were obviously in no way similar.
However, the defendant Housing Authority attempted to infer the perpetrator may have been plaintiff/tenant’s other son Robert who had been banned from entering onto the property of the Housing Authority.
CONCLUSIONS OF LAW
The issue presented to this court is whether the defendant/landlord may be held liable under a theory of negligence and failure to exercise reasonable care in the protection and safeguard of the tenant’s property.
Negligence is defined as the commission of some lawful act in a careless manner, or in the omission to perform some legal duty to the injury of another. (Nicholson v Erie Ry. Co., 41 NY 525.) Under existing legal principles the determination of liability founded upon negligence is based on a four-tier analysis.
*1036 The traditional formula requires that there be: (1) a duty or obligation recognized by law, requiring the actor (herein, the landlord) to conform to a certain standard of conduct, for the protection of others against unreasonable risks. If there is no duty owed by the landlord there can be no liability. (Cuttings v Goetz, 256 NY 287); (2) a breach by the landlord of the specific duty; (3) a reasonable close causal connection between the conduct and the resulting injury, commonly referred to as legal or proximate cause; and (4) actual damage or loss to another. (Nicholson v Erie Ry. Co., supra; Prosser, Torts [4th ed], § 30, p 143.)
Viewing the instant case in the context of the above-mentioned principles, the court must ponder the following questions: (1) Was there a duty owed by the landlord to the tenant? (2) Was the duty breached? (3) Was the breach of that duty the proximate cause of tenant’s injury? (4) Did the tenant, in fact, suffer actual damage or loss?
The first question must be resolved in accordance with the well-settled proposition of law that a landlord owes a duty to the tenants to exercise reasonable care under the circumstances. (Basso v Miller, 40 NY2d 233; Curry v New York City Housing Auth., 77 AD2d 534.) The duty of reasonable care under the circumstances has been construed to limit the legal responsibilty of the defendant/ landlord to those damages which it reasonably could have foreseen to be within the scope of the risk created by his act or omission, i.e., the reasonable foreseeability of the risk. (Alebrande v New York City Housing Auth., 44 Misc 2d 803, citing Palsgraf v Long Is. R. R. Co., 248 NY 339.)
In the instant case, it was the landlord who undertook to provide lock-out service for the tenants in the building. Therefore, it was incumbent upon the landlord to perform such services with prudent and reasonable precautions, so as to protect the subject premises and prevent the entry of trespassers and vandals.
The procedure for procuring lock-out service, which was described by the Housing Authority official, can in no way, shape, manner or form be deemed sufficiently reasonable and prudent. It belies credibility that no form of personal identification (i.e., driver’s license, Social Security card, *1037 etc.) is required from the person seeking admittance to the apartment. It is certainly foreseeable that personal facts about a family may be known to one outside the immediate family. Furthermore, there would not appear to be any undue burden placed upon the landlord in requesting some form of specific proof such as personal identification. In fact, the security guard sent to open the apartment door has a perfect opportunity to examine any such identification the person might offer. In light of the "fact that the security guard merely opens the apartment door and leaves, it would appear a more conclusive identification procedure is crucial to the protection of the tenant’s premises.
Based upon the foregoing the court finds that the defendant breached its duty and did not exercise reasonable care under the circumstances in failing to take prudent and reasonable precautions to protect the subject premises and to prevent the entry of trespassers and vandals.
It is defendant’s position that even if, assuming arguendo, they were negligent, no liability would attach as it was the intervening act of a third party who was the proximate cause of the damage. (Cosgrove v State of New York, 277 App Div 596.) The contention that the theft may have been committed by the plaintiff’s, son who had purportedly signed the lock-out form was effectively rebutted at trial by the presentation of evidence which showed the signatures to be substantially different. The alternative theory presented by defendant, that it may have been plaintiff’s other son who committed the theft, is even more specious. There was no evidence adduced to show that the second son was present on the premises on the day of the incident. Assuming, arguendo, he was on the premises, the defendant had actual notice of the fact that he was specifically prohibited from entering onto the premises.
The final issue before this court is whether plaintiff’s testimony as to the approximate value of her household goods is sufficient to form the basis for the determination of her damages.
Under section 1804 of the New York City Civil Court Act, a Small Claims Court is not bound by statutory provisions or rules of practice, procedure, pleading or evi *1038 dence. Thus, the lack of receipts or documentary proof of value does not preclude a recovery by plaintiff, but is only one factor to be considered in the court’s rendering of substantial justice.
Further, the court is of the opinion that uncertainty as to the amount of damages will not preclude recovery. (Wakeman v Wheeler & Wilson Mfg. Co., 101 NY 205.) As stated in Alebrande v New York City Housing Auth. (44 Misc 2d 803, 807-808, supra), mathematical certitude is unnecessary, the only requisite being a reasonable basis for the computation of approximate damages (citing Eastman Co. v Southern Photo Co., 273 US 359, 379; Jones Co. v Burke, 30,6 NY 172, 192; Mills Studio v Chenango Val. Realty Corp., 15 AD2d 138; Slater v Kane, 275 App Div 648; 15 Am Jur, Damages, § 21, pp 412-413; Restatement, Contracts, § 331).
In Lake v Dye (232 NY 209), the Court of Appeals found that a reasonable basis for computing the value of household goods was the real value to the owner and not the market value. Thus, plaintiff should be allowed to recover the value to her based on her actual monetary loss, all the circumstances and conditions considered.
Based upon the foregoing, it is the opinion of this court that plaintiff has sustained her burden of proving actual damages with some degree of exactness under all the circumstances of this case. (Haughey v Belmont Quadrangle Drilling Corp., 284 NY 136.)
Judgment for plaintiff in the amount of $1,500 and costs.