OPINION OF THE COURT
Gloria Cohen Aronin, J.
Plaintiff brings this lawsuit to recover for property damage to his car and for the theft of tools from his car’s trunk, which occurred when his car was broken into while in his garage. The action is brought against the landlord, from whom the plaintiff rents an apartment, as well as a space in the building’s garage under a separate rental agreement.
There are two entrances to the garage, both of which require a key to be opened. All persons who rent space in the garage have keys. The entrance from the street is the entrance for cars, but must be opened by a key before the car may be driven into the garage. The other entrance is a door between the garage and the lobby of the building. The evidence also shows that the lobby of the building was kept locked and required a key.
Plaintiff testified that he saw his car at 1:00 a.m. on the day in question and that it was intact. Later in the morning, after the superintendent of the building advised the plaintiff that three cars in the garage had been broken into *548 during the night, plaintiff went to the garage and found that his car was one of them.
The testimony revealed that the lock on the door between the garage and the building lobby had been loose and broken and finally missing 15 days before the incident and that complaints about the lock had been made to the landlord on several occasions. There was no evidence as to how the perpetrators entered the garage.
Defendant correctly maintains that he is not an insurer of the tenant against the risk of intrusion or theft within the apartment building. He also argues that the landlord cannot be held liable for the intervening criminal act of a third party and that no proof of entry through the door alleged to be in disrepair and connecting the garage with the lobby had been proffered.
Although landlords are not insurers, they have been held to the duty of providing security to tenants against third-party criminal acts. (Kline v 1500 Mass. Ave. Apt. Corp., 439 F2d 477.) Liability has been premised on this duty as to foreseeable events, including a mugging in a lobby allegedly due to an improperly locked lobby door (Sherman v Concourse Realty Corp., 47 AD2d 134); burglary of an apartment resulting from the negligent operation of a “lock-out service” (Prager v City of New York Housing Auth., 112 Misc 2d 1034); and a mugging in a parking lot allegedly due to improper maintenance of lighting by the landlord. (Loeser v Nathan Hale Gardens, 73 AD2d 187.)
In addition, the following have been held liable for failure to protect against criminal acts of third parties: a hotel owner for failure to provide an adequate safe to store valuables (Goncalves v Regent Int. Hotels, 58 NY2d 206); the New York City Transit Authority for failing to prevent an assault on a subway passenger (Amoruso v New York City Tr. Auth., 12 AD2d 11); a public library for not protecting against an attack on a patron (Abbott v New York Public Lib., Astor, Lenox & Tilden Foundations, 263 App Div 314); and a bank for not providing security against a robbery to one of its customers within the bank (Stalzer v European Amer. Bank, 113 Misc 2d 77).
*549 Of course, having established the foreseeability of criminal acts and the negligent breach of duty of the defendant to protect against such acts, one must still establish that this negligence proximately caused the damages. There must be a proper showing that the breach of duty by the defendant was a substantial cause of the injury.
The following provisions of the Restatement of Torts (2d ed) have been held to be the law in New York. Section 449 states: “If the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the actor from being liable for harm caused thereby.” (Sherman v Concourse Realty Corp., supra, p 139.)
Section 344 states:
“A possessor of land who holds it open to the public * * * is subject to liability to members of the public while they are upon the land * * * for physical harm caused by the * * * intentionally harmful acts of third persons * * * and by the failure of the possessor to exercise reasonable care to
“(a) discover that such acts are being done or are likely to be done, or
“(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.” (Nallan v Helmsley-Spear, 50 NY2d 507, 519.)
The trend toward enlarging the duty of landlords and other private parties to provide security against criminal acts, even in the absence of agreements to do so, has the potential of reaching absurd proportions. One can foresee landowners, proprietors of restaurants, stores, theaters, banks, schools and, indeed, public buildings being civilly responsible for all crimes on their premises. It would appear, therefore, that it is the obligation of the court to hold plaintiffs in these actions stringently to their proof. Plaintiff should be required to clearly establish the defendant’s duty in the circumstances, the defendant’s negligence, the foreseeability of the criminal act as the result of such negligence and violation of duty and that, in fact, such negligence and violation of duty was a proximate cause of the criminal act in question.
*550 In the instant case, there was no proof offered as to how the criminals entered the garage. They could have come in the other entrance when opened or with a key. Also, the evidence established that the lobby was kept locked and required a key for entry. If, in fact, they entered through the connecting door to the lobby, were they tenants rightfully in the lobby? Were they, perhaps, tenants who rented automobile space in the garage and were rightfully in those premises?
In the opinion of this court, the plaintiff has failed to prove that the defendant’s negligence in failing to repair the lock was the proximate cause of the damages.
Judgment for the defendant.