■ MARILYN BARBER, Appellant, v PRINCESS HOTELS INTERNATIONAL, INC., et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dowd, J.), entered June 24, 1986, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, an experienced horseback rider, sustained serious physical injuries when she was thrown from the horse *on which* she was seated after her guide, a nonparty to this action, had negligently removed the horse's bridle. At the time of the accident, the plaintiff was a guest at the Acapulco Princess Hotel.

Although an innkeeper must exercise reasonable care to protect his guests, while on his premises, against injury at the hands of third persons who are not employees of the hotel, he is not an insurer of their safety *(Barry v Merriman,* 215 App Div 294). Because the horseback riding incident in which the plaintiff was injured was arranged by local Mexican residents having no affiliation with the hotel and since the accident occurred on property owned by the Mexican government, the defendants owed no duty to the plaintiff and cannot be held liable for her injuries *(see, Palsgraf v Long Is. R. R. Co.,* 248 NY 339).

Similarly, the plaintiff has failed to make out a cause of action to recover damages for misrepresentation. The travel brochure which merely stated that horseback riding was available did not express a direct promise upon which the plaintiff could be expected to reasonably rely *(see, White v Guarente,* 43 NY2d 356). The subject brochure merely stated that horseback riding was available but did not precisely indicate how or where appropriate arrangements could be made. The horseback riding activity was neither arranged, operated nor maintained by the defendants *(see, Weiner v British Overseas Airways Corp.,* 60 AD2d 427, *lv denied* 45 NY2d 706, *rearg denied* 45 NY2d 839).

Since we affirm the order granting the defendants' motion for summary judgment dismissing the complaint, we do not reach the defendants' other contentions. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.