■ SAMUEL PENCHAS et al., Respondents, v HILTON HOTELS CORPORATION, Appellant. [603 NYS2d 48] —Order, Supreme Court, New York County (Herman Cahn, J.), entered August 20, 1992, which, insofar as appealed from, denied defendant's motion for summary judgment dismissing plaintiffs' complaint, or, in the alternative, for an order limiting defendant's liability pursuant to General Business Law § 203-a, unanimously affirmed, without costs.

Plaintiffs commenced the underlying negligence action against defendant hotel to recover damages arising from the theft of a tote bag containing jewelry and other valuables. Upon checking out of the hotel after a five day stay, Mrs. Penchas retrieved her jewelry from the hotel safe and placed them in a tote bag. The couple's luggage was loaded into a livery cab which was parked in defendant's U-shaped off-street driveway entrance. Mrs. Penchas placed the tote bag in the middle of the rear seat and as she attempted to enter, a stranger tugged at her sleeve and motioned to money on the sidewalk. No sooner did she turn than a second man reached into the cab, snatched the tote bag and the two strangers made good their escape.

The IAS Court properly determined that summary judgment in Hilton's favor was precluded by triable issues of fact as to whether Hilton owed the plaintiffs a duty to provide reasonably adequate security and protection for the safety of their person and property from third-party criminal acts in the driveway area of the Hilton Hotel, and as to whether Hilton had, in fact, exercised reasonable care under the particular circumstances surrounding the theft of the plaintiffs' belongings, in light of a statement made by defendant's employee indicating prior knowledge of potential danger to hotel guests (Jacqueline S. v City of New York, 81 NY2d 288, 294; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315).

Although an innkeeper, as a landowner, is not an insurer against the risk of intrusion or theft upon its premises for the safety of its guests (Clarke v J.R.D. Mgt. Corp., 118 Misc 2d 547, 548), it nevertheless has a duty to exercise reasonable care to protect guests or tenants, while on the premises, against injury at the hands of third persons who are not

employees of the hotel *(Barber v Princess Hotels Intl.,* 134 AD2d 312, 313), and is required to take reasonable protective measures, including providing adequate security, to protect guests or tenants against third-party criminal acts *(Pantages v L.G. Airport Hotel Assocs.,* 187 AD2d 273; *Clarke v J.R.D. Mgt. Corp., supra),* particularly where the occurrence of criminal activity on the premises was reasonably foreseeable *(Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519).

These triable issues as to foreseeability and whether Hilton, in fact, had prior knowledge of third-party criminal activity in its driveway area render unavailing Hilton's alternative argument that the acts of the perpetrators constituted a superseding intervening criminal act which served to relieve Hilton from any liability, as a matter of law, for any alleged negligence on its part *(Derdiarian v Felix Contr. Corp., supra; Monell v City of New York,* 84 AD2d 717).

Hilton's contention that the plaintiffs' valuables were not *"infra hospitium",* or within the confines of the hotel *(Lader v Warsher,* 165 Misc 559, 560), because they were stolen from the plaintiffs in the driveway area of the hotel, rather than from within the confines of the Hilton Hotel itself, was also properly rejected since, as this Court recognized in *Davidson v Madison Corp.* (231 App Div 421, 426, *affd* 257 NY 120), "[t]he phrase *infra hospitium* appears to mean nothing more or less than that the property of the guest is brought *within the precincts of the inn;* or, if not actually brought within the four walls, the goods come 'in the care and under the charge of the innkeeper' " (emphasis supplied; quoting 2 Bouvier Law Dictionary, at 1565 [Rawle's rev]).

Finally, the IAS Court properly rejected Hilton's contention that its liability is limited, pursuant to General Business Law § 203-a, since that statute only places a $250 limit upon a hotel keeper's liability for "loss of or damage to property of a guest *delivered* to such keeper, his agent or employee, for *transport* to or from the hotel" (emphasis supplied) and precludes such a limitation where, as here, it is alleged "that such loss or damage occurred through [the hotel's] fault or negligence" *(Lader v Warsher, supra).*

We have reviewed Hilton's remaining claims and find them to be without merit. Concur—Murphy, P. J., Sullivan, Kupferman, Asch and Kassal, JJ.