OPINION OF THE COURT
Emily Jane Goodman, J.
Plaintiff Chester T. Cyzio (Cyzio) sues defendant Rihga International U.S.A., Inc. (Rihga) for injuries suffered by Cyzio *364 when he was brutally assaulted in Rihga’s hotel located near Times Square in midtown Manhattan. The complaint alleges that on November 21, 1991 Cyzio registered as a guest at the hotel and that in the middle of the night on November 30th he was viciously and violently assaulted in his room as a result of defendant’s negligence in maintaining its hotel security system. Defendant now moves for summary judgment arguing that as plaintiff cannot demonstrate how the assailant gained entry into the building, the plaintiff cannot establish that the alleged failure to provide adequate security was the proximate cause of the attack upon the plaintiff.
In opposing summary judgment, plaintiff relies upon an affidavit from a security expert stating that heightened security is warranted at the Rihga due to its location in a high-crime area and to the 92 reported crimes in the 11 months prior to the incident. The expert affidavit also states that the policy described by Rihga’s security supervisor at his deposition whereby persons entering the hotel in the middle of the night are not stopped and questioned, even if security personnel did not know whether the person was a guest, is inadequate. The expert also stated that the misplacing of the vincard computer readout showing entries into the plaintiffs room as well as other alleged discrepancies in the security team’s handling of the incident are further indications of an inadequate security system.
In support of summary judgment, defendant relies upon a line of cases requiring plaintiffs to demonstrate that an assailant was an intruder and not one of a building’s residents or a guest thereof. (See, Wright v New York City Hous. Auth., 208 AD2d 327.) However, Wright and every other case relied upon by defendant had to do with an assault in a residential building. The rationale of courts in requiring plaintiffs in residential building cases to demonstrate that the assailant was an intruder is that in a residential building "a landlord is under no duty to safeguard a tenant against attack by another tenant 'since it cannot be said that the landlord had the ability or a reasonable opportunity to control [the assailant].’ ” (Wright v New York City Hous. Auth., 208 AD2d 327, 331, supra [citations omitted].)
In contrast, in a commercial setting such as a hotel, a landlord "has a duty to exercise reasonable care to protect guests or tenants, while on the premises, against injury at the hands of third persons who are not employees of the hotel * * * and is required to take reasonable protective measures, *365 including providing adequate security, to protect guests or tenants against third-party criminal acts * * * particularly where the occurrence of criminal activity on the premises was reasonably foreseeable”. (Penchas v Hilton Hotels Corp., 198 AD2d 10, 10-11 [citations omitted].) Thus summary judgment will be denied in an action by a hotel guest against a hotel for inadequate security if there are triable issues as to foreseeability and whether the defendant hotel in fact had prior knowledge of third-party criminal activity in the hotel. (Penchas v Hilton Hotel Corp., 198 AD2d 10, supra.) Rudel v National Jewelry Exch. Co. (213 AD2d 301) also demonstrates that a plaintiff who is assaulted in a commercial building need not demonstrate the manner of the assailant’s entry, but need only create questions of fact as to whether the landlord breached its duty to maintain minimal security measures, related to the specific building itself, in the face of foreseeable criminal intrusion upon tenants.
In this case, the deposition testimony of Cyzio himself coupled with the expert’s affidavit creates issues of fact as to whether the hotel security system was appropriate for this particular hotel, particularly in the middle of the night. The court also is troubled by the loss of videotapes that defendant claims show the plaintiff entering the hotel and riding in the elevator with an invited guest. Defendant claimed that its security personnel turned the tape over to the police without receiving a police receipt in return. The police, however, have conducted a search and have informed the court that they do not have such a tape. Plaintiff’s expert states that he is familiar with hotel security measures and that it is not standard procedure to turn such tapes over to the police without a receipt. Defendant’s security chief, Mr. Higgins, testified that the hotel’s security policy is not to question guests or other persons entering the hotel if they are "well dressed or properly dressed” and appear to know where they are going; the policy is to question a person entering the hotel only if the person is "behaving suspiciously”. Plaintiff’s expert states that following such a procedure in the late night or early morning "is tantamount to inviting well dressed intruders”. As questions of fact exist as to the liability of the hotel for plaintiff’s loss and injuries, summary judgment is denied.