ROWAN MILLER v. PEEPLES & BRANUM.

1. INNKEEPER. *Liability for baggage lost by one not a guest. Payment of bill.*
M., who had spent the night at an inn, paid his bill and had his name checked from the register in order to release himself of liability as a guest during a day's absence at a neighboring town, where he went on business, intending to return at night. During his absence a valise left by him with a friend in the room which he had occupied before leaving the inn was lost. He demanded payment for his valise and contents, which being refused he brought suit for the value thereof against the innkeeper. *Held*, that the relation of inn-

keeper and guest having been intentionally terminated by M., he cannot hold the innkeeper responsible for the loss of his valise, which occurred after he had ceased to be a guest of the inn. The fact that he expected to return and again become a guest of the inn did not continue the relation of guest and host during his absence.

2. Same. *Criterion of liability. Mutual rights of guest and host.*

An innkeeper is chargeable as such because of the profit derivable from entertaining. The right to charge is the criterion of his liability. When the liability of the guest to be charged as such ceases, his claim on the innkeeper expires, subject only to his right to hold the innkeeper responsible for his baggage during such time as may be reasonable, under the circumstances, to effect a removal thereof.

Appeal from the Circuit Court of Hinds County.

Hon. S. S. Calhoon, Judge.

On the 27th day of January, 1882, Rowan Miller, a commercial traveller, stopped at the Edwards House, a hotel in the city of Jackson, Mississippi, and was assigned to room No. 60, in company with two fellow-travellers. Early on the morning of the 28th, Miller and one of his companions presented themselves at the clerk's desk, and paid their bills, stating to the clerk that they would return that night. They took the train to Bolton's, a neighboring town, where they spent the day, and returned at eight o'clock at night, reregistered, and were assigned, at their request, to room No. 60, in which room one of the party had remained in charge of some light baggage, left behind. On going to room No. 60, Miller discovered that a valise which he had left there was missing. He applied to the clerk and proprietor for it, and after diligent search the valise could not be found. He demanded payment for it, which being refused, he brought this action. Miller testified that his object in paying his bill before he left was to relieve himself of any liability as a guest of the hotel during his absence, and that during his absence he did not consider himself a guest. The testimony for the defendants showed that, upon payment of the bill, Miller's name was checked off of the hotel register, and that he knew there was a baggage-room in the office for the safe-keeping of small baggage left in charge of the hotel.

*L. Brame*, for the appellant.

1. After becoming a guest of the hotel, it is immaterial that the plaintiff was away from the house temporarily when the valise was stolen.  He went away *animo revertendi*.  2 Pars. on Con. 153, 154; *Day* v. *Patten*, 2 H. & C. 14; *Allen* v. *Smith*, 104 E. C. L. R. 626; 1 Com. Dig. 421; 5 Barb. 560; 3 Hill, 490; 2 Kent's Com. 596, note 1; Story on Bail., sect. 478; Edw. on Bail. 397; 26 Vt. 316; Redfield, note, p. 342.  It is of no importance that the parties paid their bill before leaving for Bolton's; the clerk was notified that they would return to the hotel in the evening.

2. Suppose the court should hold that the plaintiff was in no sense, either actual or constructive, the guest of the hotel, and that the valise was left there, as defendants contend, in charge of R. T. Hudson, who remained in the room. In that case R. T. Hudson would be the bailee of plaintiff, and the defendants would be liable according to the view announced in *Nudeles* v. *Howard*, 1 E. D. Smith, 61; 1 Lans. 397; 1 Chitty on Con. 674; Schouler on Bail. 567; 7 Cushm. 417; 9 Pick. 280; 27 Miss. 659.

*L. Brame*, also made an oral argument.

*J. B. Harris*, for the appellees.

Mr. Miller had voluntarily and intentionally severed his connection with the hotel as guest.  He says he paid his bill to relieve him of any liability as guest.  The liability of the innkeeper only arises when the relation of host and guest exists at the time of the loss, either actual or constructive.  The moment this relation ceases, the law relating to innkeepers, as such, does not apply.  The innkeeper is only answerable for money or other dead property lost in his inn, when the party losing it was a guest at the time of the loss; the profit arising from the entertainment of the guest being the foundation of the action. The innkeeper is exonerated by showing that the guest took upon himself the exclusive custody of the property, or that the guest reposes his confidence in strangers, and not in the host or the host's suitable agents.  Schouler on Bail. 272;

Story on Bail., sect. 483 ; 1 Yeates, 34 ; 62 Pa. St. 92 ; 6 Har. & J. 53 ; 3 Hill, 489 ; Schouler on Bail. 270.

*J. B. Harris*, made an oral argument also.

CAMPBELL, C. J., delivered the opinion of the court.

The relation of guest and innkeeper was intentionally ended by the act of the guest, who paid his bill and had his name stricken from the register of guests, for the purpose of freeing himself from liability as a guest, and he could not thereafter, and while he was not a guest, claim the rights of one as to the baggage he left behind him. The expectation thereafter to become a guest did not continue the relation terminated at his instance and for his advantage by settling his account for entertainment. An innkeeper is chargeable as such, because of the profit derivable from entertaining. The right to charge is the criterion of the innkeeper's liability. When the liability of the guest to be charged as such ceases, his claim on the innkeeper as such expires, subject only to the right to hold him responsible for the baggage of the guest for such time as may be reasonable to effect a removal, to be determined by circumstances.

Upon the facts of this case the respective rights which spring from the relation of innkeeper and guest did not exist, for one cannot escape the just burdens of a particular relation, and at the same time claim the advantages incident to it.

Judgment affirmed.