MARIAN A. DAVIDSON, Respondent, *v.* THE MADISON CORPORATION, Appellant, Impleaded with Others.

(Submitted June 5, 1931; decided July 15, 1931.)

*J. Charles Weschler* and *Walter T. Kohn* for appellant. The receipt by the porter of the defendant hotel from plaintiff of her railroad baggage check was not the receipt of plaintiff's baggage into the care and keeping of an innkeeper within the meaning of the common-law liability, since the innkeeper was obliged to answer for nothing that is out of his inn, but only for those things which are *infra hospitia*. (*Hewlett* v. *Swift*, 33 N. Y. 572; *Wilkins* v. *Earle*, 44 N. Y. 172; *Piper* v. *Manny*, 21 Wend. 284; *Dickinson* v. *Winchester*, 58 Mass. 114; *Coskery* v. *Nagle*, 83 Ga. 696; *Adelphi Hotel Co.* v. *Providence Stock Co.*, 277 Fed. Rep. 905; *Carhart* v. *Wainman*, 144 Ga. 632; *Huckins Hotel Co.* v. *Clampitt*, 244 Pac. Rep. 945; *Keith* v. *Atkinson*, 48 Col. 480; *Williams* v. *Moore*, 69 Ill. App. 618; *Hagerstron* v. *Brainard Hotel Corp.*, 45 Fed. Rep. [2d] 130.) If the innkeeper's common-law liability does not apply, then there was no liability excepting for actual negligence and no negligence on the part of the defendant hotel has been shown.

(*Claflin* v. *Meyer*, 75 N. Y. 260; *Stewart* v. *Stone*, 127 N. Y. 500; *Hogan* v. *O'Brien*, 212 App. Div. 193; *Adelphi Hotel Co.* v. *Providence Stock Co.*, 274 Fed. Rep. 483.)

*Vincent H. Rothwell* for respondent. The defense that loss of baggage occurred through the act or omission of an independent contractor is not available to an innkeeper, where he undertakes to give baggage service or holds himself out as prepared to do so. (*Coskery* v. *Nagle*, 83 Ga. 696; *Adelphi Hotel Co.* v. *Providence Stock Co.*, 277 Fed. Rep. 905; *Keith* v. *Atkinson*, 48 Col. 480; *Huckins Hotel Co.* v. *Clampitt*, 224 Pac. Rep. 945; *Dickinson* v. *Winchester*, 58 Mass. 114; *Williams* v. *Moore*, 69 Ill. App. 618.)

KELLOGG, J. The plaintiff had been a guest of the Madison Hotel in New York city, which was owned and operated by the defendant Madison Corporation. At the conclusion of a temporary visit to Norfolk, Va., she purchased a railroad ticket from the Pennsylvania railroad and boarded one of its trains for New York city. Prior to leaving she had caused her trunk to be delivered to the railroad and had checked it to the same destination. On arrival, the plaintiff returned to her quarters in the Madison Hotel. The check for the trunk was delivered to the head porter with instructions " to get the trunk in " promptly. The head porter handed the check to a licensed expressman, Peter J. Coen, with similar instructions. Coen delivered the check to a truckman employed by him, who obtained the trunk from the railroad and placed it on his truck. On the return journey to the hotel the truckman was required to pick up another trunk at the Hotel Buckingham. He parked his car at the curb in the vicinity of that hostelry; stopped his motor, leaving the ignition key in the lock; and went into the hotel, leaving the truck unattended. When he returned to the curb the truck had disappeared, and with it had gone the plaintiff's

trunk. The car and the trunk had been stolen. The contents of the trunk, consisting of expensive furs and dresses, were worth $10,000, and for that sum the plaintiff has recovered a verdict against the Madison Corporation.

" An innkeeper is an insurer of the safety of the property of his guest, brought *infra hospitium*. He is liable for its loss, whether by burglary, theft, fire or negligence, unless it arises from the neglect or misconduct of the guest, the act of God or the public enemies." (*Wilkins* v. *Earle*, 44 N. Y. 172, 178; *Hulett* v. *Swift*, 33 N. Y. 571.) The innkeeper's liability, at common law, did not originally extend to cover property not within the walls of the inn, or the buildings used in connection therewith. " So that the innholder, by law, shall answer for nothing that is out of his inn, but only for those things which are *infra hospitia*." (*Calye's Case*, 4 Coke, part 8, p. 63.) In several States of the Union, other than this, the innkeeper's liability has been greatly extended. The innkeeper has been held liable in respect to baggage never within the hotel precincts, lost in the course of transportation thereto from a railway station, while in the custody of an independent transfer agent, to whom the innkeeper had delivered railroad checks, received from his guest, for the purpose of securing the baggage and bringing it to the inn. ( *Keith* v. *Atkinson*, 48 Col. 480; *Williams* v. *Moore*, 69 Ill. App. 618; *Hagerstrom* v. *Brainard Hotel Corp.*, 45 Fed. Rep. [2d] 130; *Coskery* v. *Nagle*, 83 Ga. 696.) The basis of the recovery in each of these cases was said to be the common-law liability of an innkeeper to his guest.

We are not greatly impressed with the reasoning of these cases. Clearly the delivery of a railroad check to an innkeeper is not a symbolical delivery of the baggage which it represents. The baggage is then in the custody of the railroad, and while that custody continues the railroad, not the innkeeper, would be liable for a loss. When the baggage is received by a transfer agent, to whom the check has been delivered, the custody is that

of an independent contractor, not the custody of the innkeeper or his agent. The whole theory of the innkeeper's liability, that the things of his guest, which are within the walls of his inn, must be defended, at all costs, against attack from within or without, against thievery by inside servants, or robbery by outside footpads, or highwaymen, against nearly all conceivable perils, fails of application where the circumstances are those of the cases cited. Never having had custody or possession of the things of his guest, never having assumed a relationship in the least degree resembling that of a bailee, it is difficult to see how the duty of an innkeeper to safeguard and defend the possessions of his guest may have arisen.

In nearly all the cases cited the authority relied upon for the decisions is *Dickinson* v. *Winchester* (58 Mass. 114). In that case the facts considered were these: An innkeeper had engaged certain hackmen to attend at a railroad station to offer arriving travelers free transportation of themselves and baggage to his hotel, should they decide to become his guests. A traveler accepted such an offer from a hackman and entered his hack, to be transported to the hotel and become a guest of the innkeeper. The traveler's trunk was placed upon a rack near the driver, and was lost or stolen on the way to the inn. The traveler thereupon brought suit against the innkeeper to recover his loss. Chief Justice SHAW, who wrote the opinion of the court, stated: " The true ground, we are of opinion, on which the claim of the plaintiff rests, is that of an implied contract, and not the mere negligence of the driver of the coach as the defendant's servant." He was undecided whether the obligation upon which the recovery must rest was that of an innkeeper or a carrier. Nevertheless, he said: " When, therefore, such coach owner or his driver thus employed undertook to carry the plaintiff's son, and took charge of his baggage accordingly, such person became the agent of the defendants *pro hac vice*, and they became respon-

sible that he should exercise due care and skill in performing the duty, which the defendants had undertaken to do for the plaintiff." It would seem, therefore, that the basis of the recovery was the negligent performance of a contract to transport the baggage safely, not the breach of the absolute duty of an innkeeper at all hazards to safeguard the baggage of his guest received *infra hospitium.*

The proprietor of the Madison testified that the hotel made " charges for the transportation of baggage;" that " if the porter receives instructions to go and get trunks, he makes his charge." He was asked: " Mr. Titze, you make a charge to your guests for the transportation of baggage, do you not?" and he replied, " We do, yes." We have, then, an innkeeper maintaining a system for the transportation of the baggage of his guests for which a charge is made; an order by the guest to the hotel porter to get her baggage and bring it to the hotel; an acceptance of the order and an undertaking to perform the service. How can it be gainsaid that the defendant, for a consideration, promised to obtain the baggage and transport it to the hotel, using at least ordinary care in the fulfillment of the promise? If the defendant chose to perform its contract through an independent contractor, it may have been within its rights. Nevertheless, it could not thereby escape liability for its nonperformance through the negligence of one to whom the contract duty was assigned. " The performance in such a case is indeed in legal contemplation rendered by the original obligor, who is still the party liable if the performance is in any respect incorrect." (1 Williston on Contracts, § 411.) In this instance there was evidence to support the conclusion that the contract duty to transport was negligently performed and that there was no negligence on the part of the plaintiff. We prefer, therefore, to affirm the recovery upon this ground. We do not determine that the defendant was or was not

liable for the breach of a duty owed by an innkeeper to his guest.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.