# EARL SEWELL v. MOUNTAIN VIEW HOTEL, INC.
## —325 S. W. (2d) 626.

Eastern Section.  January 8, 1959.

Certiorari denied by Supreme Court May 1, 1959

Ely & Ely, Knoxville, for plaintiff in error.

Ogle & Ogle, Sevierville, for defendant in error.

McAMIS, P. J.  In the abstract, the question in this case is the liability of an innkeeper for damages to a guest's automobile while standing on a parking lot provided for guests of the inn, caused by the tortious act of a third person.  The trial court directed a verdict for the defendant Mountain View Hotel, Inc., and the plaintiff has appealed.

In October, 1953, plaintiff Earl Sewell, upon becoming a guest at the Mountain View Hotel in Gatlinburg, parked his automobile in one of three parking lots owned and maintained by the Hotel for the use and convenience of its guests.  Three days thereafter at about 1 A.M. while so parked it was severely damaged when a car operated by a drunk driver, in no way connected with the Hotel, crashed into cars parked on the lot while being hotly pursued by police officers at a speed of 50 or 60 miles per hour.  Before crashing the driver lost control of his car on a curve and careened into the parking lot across a public sidewalk located between the lot and the street.  No guard rail was provided, but it is conceded that the Hotel was guilty of no negligence, the predicate

of liability being that an innkeeper is held practically as an insurer of the property of a guest.

■ This is the rule of liability as declared in the leading case of Andrew Jackson Hotel, Inc. v. Platt, 19 Tenn. App. 360, 89 S. W. (2d) 179, 181, where Judge DeWitt reviewed prior Tennessee decisions and said:

"The rule of the common law, in force in this state, is that an innkeeper is practically an insurer as to the goods of a guest, and is excused from liability only when the injury results from the act of God or is caused by the public-enemy, or by the fault, direct or implied, of the guest himself. Dickerson v. Rogers, 4 Humph. 179, 40 Am. Dec. 642; Manning v. Wells, 9 Humph. 746, 51 Am. Dec. 688; Rains v. Maxwell House Co., 112 Tenn. 219, 79 S. W. 114, 64 L. R. A. 470, 2 Ann. Cas. 488; Maxwell Operating Co. v. Harper, 138 Tenn. 640, 200 S. W. 515, L. R. A. 1918C, 672. The rule is of ancient origin, having been laid down by Lord Coke in Calye's Case. 8 Coke, 32a, 77 Reprint, 520. It is more strict than the rule generally applied to bailees. The criterion of the liability is the right of the innkeeper to charge the guest for his entertainment. Miller v. Peeples, 60 Miss. 819, 45 Am. Rep. 423. This rule extends to all personal property brought by the guest to the inn and placed under the care of the innkeeper * * *."

■ The question, as yet undecided in Tennessee, is whether a guest's car left on a parking lot is infra hospitium within the sense of the general rule. We hold that, under the peculiar circumstances of this case, the innkeeper as a matter of law is not liable. The relationship of innkeeper and guest being conceded, the case turns on whether the car in this case was "placed under the care

of the innkeeper'', either expressly or by reasonable implication. Andrew Jackson Hotel v. Platt, supra. The reasons underlying our holding on this question require some further development of the undisputed facts:

The Hotel charged all guests $19.50 per day, irrespective of whether they came with or without a car. In event the guest had a car, no charge was made for using the parking facilities of the Hotel. If the guest had a car, he could choose space behind the hotel building, in front of it or across the street in the lot where plaintiff parked his car. Having determined which lot to use, the guest had the further choice of selecting the exact location on the lot as well as the privilege of immobilizing his car, by retaining the key, so that the Hotel could not so much as move it about upon the lot and thus, if necessary, place it in a place of greater security. There was no attendant to take the guest's car and park it or at the lot to look after it while there. Apparently, a car could be parked for days without the Hotel knowing whether it belonged to a guest or to someone who was not a guest. The guest could take his car off the lot, use it and return it to the same or another location at his discretion and pleasure.

In this case, under the most favorable view of the evidence, plaintiff saw a sign indicating that the lot was for the use of guests. Without other invitation he parked there at the end of each day. There is no proof that anyone connected with the Hotel ever knew he had parked there or ever had the slightest control over the car, where it would be parked or whether or not it would be kept locked. Except for the bare fact that the Hotel owned the lot, complete possession and control necessarily remained with plaintiff, the guest. These circumstances in our opinion serve to distinguish the present

case from cases where the innkeeper has been held liable for the guest's automobile. In most, if not all such cases, either the Hotel directed the guest where to park on its premises or else accepted manual possession of the car for the purpose of parking or storage.

Andrew Jackson Hotel v. Platt, supra, 19 Tenn. App. 360, 89 S. W. (2d) 179, illustrates the point of distinction, though the hotel in that case was held not liable because, at the time the car was damaged, it was being operated on the public street for the purpose of having it repaired as directed by the plaintiff-guest.

In the English case of Aria v. Bridge House Hotel Ltd., 137 L. T. N. S. 299, 16 B. R. C. 536, the guest's car was stolen from a lot adjoining the hotel. In that case, the porter had directed the guest where to park and the court applied the rule of liability in all its rigor to hold the innkeeper liable.

In Todd v. Natchez-Eola Hotel Co., 171 Miss. 577, 157 So. 703, the guest was informed that a parking lot was available for his use, whereupon he took his car to the parking lot and left it in the care of an attendant employed by the hotel.

In these cases, the hotel had knowledge that the guest had a car and assumed, either expressly or by implication, some measure of custody and control.

Where, as in Lader v. Warsher, 165 Misc. 559, N. Y. S. (2d) 160, the innkeeper merely provides parking space free of charge to the guest and the guest parks and locks his car, the innkeeper is not responsible for loss under the doctrine of infra hospitium but, if at all, under the principle of a bailment and a showing of negligence.

■ This latter holding it seems to us is a proper application of the general rule that whenever the guest retains the custody and control of his property in such a way as to indicate that he is not trusting the innkeeper to guard and protect it and concedes to the innkeeper no control or right of control, the property of the guest is not impliedly in the custody of the innkeeper and he is not responsible for the acts of third persons with whom he is in no way connected.

Hale and Howard, JJ., concur.