GAUDIN MOTOR CO., INC., Appellant, *v*. LOTTIE HAMPTON WODAREK, Respondent.

No. 4281

November 9, 1960          356 P.2d 638

*Calvin C. Magleby*, of Las Vegas, for Appellant.

*Deaner, Butler & Adamson*, of Las Vegas, for Respondent.

# OPINION

By the Court, McNamee, C. J.:

The principal question presented on this appeal concerns the liability of a bailee for damages or loss of an automobile, the subject of the bailment, under a bailment for the benefit of both parties.

In this action, appellant, a car dealer, was the owner of an automobile which it delivered to respondent, a prospective purchaser. In order to demonstrate the suitability of the automobile, appellant authorized respondent to drive it from Las Vegas, Nevada, to Boulder City and back. On the return trip appellant lost control of the vehicle, it left the road and turned over. Except for its salvage value, the car was a total loss. Appellant sued respondent in tort for damages caused by such loss.

Respondent's only explanation of her loss of control of the vehicle was her testimony that a tire had suddenly gone flat. It was revealed after the accident that there was no blown-out tire, and that all four tires were undamaged although the right front tire was flat. The officer who investigated the accident testified that, in his opinion, based on the skid marks, the car was going approximately 75 miles per hour at the time of the accident, and that 70 miles an hour in that particular area

was a safe and not unusual speed. Respondent estimated her speed at between 60 and 65 miles per hour or a "little faster."

From the foregoing, the trial court determined that there was no evidence that respondent was negligent; that in testing the car she had the right to go 70 miles an hour or faster; that defendant at the time of said accident was operating the automobile in a reasonable and prudent manner; and that the accident resulted from no fault or negligence on the part of the defendant.

The court being the trier of the fact could properly come to this conclusion. Even if this be true, appellant maintains that in a bailment of this nature where an automobile is delivered to a bailee in good condition and is returned in a damaged state, the law presumes the bailee's negligence or other fault to be the cause, and casts on the bailee the burden of showing that the loss was due to other causes consistent with due care on the part of the bailee; that if the bailee does not sustain such burden the bailor becomes entitled as a matter of law to a judgment in his favor. This is the rule of the more modern decisions, and Nevada follows such rule. Manhattan Fire & Marine Ins. Co. v. Grand Central Garage, 54 Nev. 147, 9 P.2d 682.

In the present case the owner of the vehicle met its burden by evidence showing that the car was delivered to the bailee in good condition and was returned in a damaged condition. The burden of going forward with evidence thereupon shifted to the bailee. Bramlette v. Titus, 70 Nev. 305, 267 P.2d 620. To overcome this burden, bailee introduced evidence tending to show that the damage resulted from a tire going flat through no negligence on her part. The bailor thereupon introduced evidence tending to show either that the tire went flat due to her excessive speed or that she was unable to control the car after the tire went flat due to her excessive speed. A factual question thus developed. Romney v. Covey Garage, 100 Utah 167, 111 P.2d 545.

The lower court was satisfied from the evidence that the damage to the automobile was the result of a failure of the air pressure in one of the tires or some cause not known to respondent other than the negligence or fault of the respondent, made its findings accordingly, and awarded judgment in favor of respondent. This was proper. In Wyatt v. Baughman, 121 Utah 98, 239 P.2d 193, 195, the court held "that it is sufficient in actions for loss of or damage to bailed property for the defendant bailee, in order to escape liability, to show to the satisfaction of the trier of the fact that he was not negligent, or, if he was negligent in any respect, that his negligence was not the proximate cause of the loss or damage, and that he need not specifically establish the exact cause of the loss, destruction or damage."

Affirmed.

BADT and PIKE, JJ., concur.