465 A.2d 1019

**Anne S. LEVIN, a minor by her parents and natural guardians, Marvin J. LEVIN and Charlotte W. Levin and Marvin J. Levin and Charlotte W. Levin in their own right, Appellants,**

v.

**DESERT PALACE INCORPORATED t/a Caesar's Palace.**

Superior Court of Pennsylvania.

Argued April 21, 1983.

Filed Aug. 19, 1983.

Reargument Denied Oct. 11, 1983.

See also, 291 Pa.Super. 408, 435 A.2d 1292.

Marvin J. Levin, in propria persona.

Joel P. Fishbein, Philadelphia, for appellee.

Before WICKERSHAM, ROWLEY and WATKINS, JJ.

WICKERSHAM, Judge:

On September 7, 1976, Marvin Levin and his wife and daughter were guests at Caesar's Palace, a resort hotel in Las Vegas, Nevada owned by the defendant corporation. The Levins claim that in the early morning hours while they were asleep, an unknown intruder entered their suite and stole jewelry valued at $18,550 and $1,500 in cash.

The Levins allege that the negligence of the defendant hotel in failing to provide adequate security measures was the cause of their property loss. Some of the facts concerning this allegation are in dispute. It is clear that each inner door to the Levins' suite had posted on it a warning to use the night lock before retiring and a notice that safe deposit boxes were available for guests' valuables. Plaintiffs and defendant disagree, however, as to whether all the doors to the suite were equipped with dead-bolt mechanisms and as to whether the dead-bolts and latches that did exist were in operating order.

On January 23, 1980, by agreement of the court below and counsel for the parties, the facts upon which the plaintiffs were to rely to establish their case were made part of the record by stipulation as though a jury had been impaneled and sworn and had heard the evidence. Counsel for the plaintiffs stated that he was proceeding on a negligence theory only and would present no evidence with regards to "gross negligence." (RR at 23a). Defendant then moved for a nonsuit.

The nonsuit was granted by the court below on the ground that the Nevada Innkeepers Statute, Nev.Rev.Stat.

§ 651.010 et seq. (1953), required that plaintiffs prove gross negligence on the part of the defendant, and that plaintiffs, by their counsel, admitted an inability to establish the requisite gross negligence. Following the refusal of the court below to vacate the nonsuit, plaintiffs appealed. Judgment was subsequently entered.

Appellants state the question presented to this court as follows:

> Did the lower court properly grant appellee's motion for a non-suit on the ground that the Nevada Innkeepers' Statute permitted recovery on a gross neglect theory only?

Brief for Appellants at 2.

Before we specifically address appellants' question, we must decide whether Pennsylvania or Nevada law is applicable to the case before us.

The incident occurred in Las Vegas, Nevada. The parties agreed and the court below determined that Nevada law was applicable to this claim. We agree.

In *Griffith v. United Air Lines*, 416 Pa. 1, 203 A.2d 796 (1964), the Pennsylvania Supreme Court adopted a choice of law analysis that focuses on a balancing of the policies and interests underlying the particular issue before the court. The law of that state which has the greater interest in the application of its law governs.

The Nevada Innkeepers Statute emphasizes a limited innkeepers' liability for guests' losses. Nev.Rev.Stat. § 651.010 (1953).[1] The statute provides that a hotel owner can be held liable for guests' losses only upon a finding of "gross neglect."

---

**1.** Nev.Rev.Stat. § 651.010 (1953) provided:

> **651.010 Civil liability of innkeepers limited.** No owner or keeper of any hotel, inn, motel, motor court, or boardinghouse or lodginghouse in this state shall be civilly liable after July 1, 1953, for the loss of any property left in the room of any guest of any such establishment by reason of theft, burglary, fire or otherwise, in the absence of gross neglect upon the part of such keeper or owner.

Although this section was amended in 1979, the 1953 version of the statute was in effect at all times relevant to this proceeding and therefore will be the focus of our consideration.

In contrast, the Pennsylvania statute requires a higher degree of care on the part of the hotel owner in order for him to escape liability. See Act of June 12, 1913, P.L. 481, 37 P.S. § 61.[2] In Pennsylvania, an innkeeper is liable for his guests' property losses unless he equips each room with bolts and locks on all doors, locks on all windows, and a copy of the Pennsylvania Innkeepers Statute. He also must have a safe or vault available for guests' use.

■ Thus, we are faced with the question of which of these two different standards is applicable to this case. *Griffith, supra,* requires that we look to the law of the state having the greater interest in the application of its law.

■ Obviously, Pennsylvania has an important interest in protecting the welfare of its citizens. We conclude, however, that this interest is outweighed by Nevada's interest in regulating the conduct and prescribing the liability of hotel owners within its jurisdiction. A hotel owner relies on the laws of the state in which the hotel is located to determine the standard of conduct required of him. It

2. 37 P.S. § 61 provides:

**§ 61. Non-liability for valuables not deposited in safe**

No innkeeper or hotelkeeper, which term, as used in this act, shall include apartment hotelkeepers, whether individual, partnership, or corporation, who constantly has in his inn or hotel, which term, as used in this act, shall include apartment hotels, a metal safe or suitable vault, in good order and fit for the custody of money, bank notes, jewelry, articles of gold and silver manufacture, precious stones, personal ornaments, railroad mileage books or tickets, negotiable or valuable papers, and bullion, and who keeps on the doors of the sleeping-rooms used by guests suitable locks or bolts, and on the transoms and windows of said rooms suitable fastening, and who keeps a copy of this section, printed in distinct type, constantly and conspicuously posted, in not less than ten conspicuous places in all, in said hotel or inn, shall be liable for the loss or injury suffered by any guest, unless such guest has offered to deliver the same to such innkeeper or hotelkeeper, for custody in such metal safe or vault, and such innkeeper or hotelkeeper has omitted or refused to take it and deposit it in such safe or vault for custody, and to give such guest a receipt therefor: Provided, however, That the keeper of any inn or hotel shall not be obliged to receive from any one guest, for deposit in such safe or vault, any property hereinbefore described exceeding a total value of three hundred dollars, and shall not be liable for any excess of such property, whether received or not.

could not be expected that a hotel should comply with the laws of all the states of which its guests are citizens.

In *Hager v. Etting,* 268 Pa.Super. 416, 408 A.2d 856 (1979), this Court discussed a similar conflict of laws question. In *Hager,* plaintiff, a citizen of Pennsylvania, was injured while attending a party in New Jersey. This court held:

> The law of New Jersey should govern in determining the duty the possessor of the land in this case owed to appellee. We see no significant interest that the Commonwealth of Pennsylvania would further by having its law applied as to duties of possessors of land where the alleged tort occurred in New Jersey.

*Id.,* 268 Pa.Superior Ct. at 419, 408 A.2d at 858.

In the instant case, the alleged tort occurred in Nevada. Pursuant to the *Hager* reasoning, the duty that the hotel owner owed to plaintiffs should be governed by Nevada law.

A choice of law question almost identical to that set forth in the instant claim faced the Federal District Court for the Eastern District of Pennsylvania in *Kabo v. Summa Corporation,* 523 F.Supp. 1326 (E.D.Pa.1981). As in the present case, the plaintiffs in *Kabo* were sleeping in their Las Vegas hotel room when their property was stolen. The District Court held that Nevada law governed. The court reasoned:

> An innkeeper in Nevada is entitled to rely upon that state's statutes in not taking precautions that would have been mandated by common law or another state's statutes.... [W]hen the conduct and injury giving rise to the suit occur in the defendant's home state, the defendant has a justified expectation that the law of his home state will be applied. A contrary position would penalize Nevada innkeepers for not taking special measures solely for the benefit of Pennsylvania patrons.

*Id.* at 1329.

Of course, we are not bound by this decision. Nevertheless, we find in the instant case, as the Eastern District

Court did in *Kabo,* that Nevada's interests outweigh Pennsylvania's and that, therefore, Nevada law governs.

Plaintiffs would have us apply Nevada common law rather than the Nevada Innkeepers Statute (Nev.Rev.Stat. § 651.010 et seq. (1953)). Under Nevada common law, an innkeeper is liable practically as an insurer for property losses suffered by his guests. *See Cloward v. Pappas,* 79 Nev. 482, 387 P.2d 97 (1963). Plaintiffs argue that section 651.010 is not controlling because it refers only to property "left" in a guest's hotel room and does not apply when property is stolen from a room that is occupied by the guests. Conversely, defendant contends that section 651.-010 is applicable whether or not the guests are present at the time of the loss and relieves defendant of liability unless gross negligence is shown.

. No Nevada state court has yet had the opportunity to discuss the meaning of section 651.010. We believe that the Nevada Supreme Court would accept defendant's interpretation of the statute.

Plaintiffs contend that the phrase "property left in the room" indicates that the statute applies only in those cases in which the guests place their belongings in the hotel room and then absent themselves from their room. This interpretation is illogical. It would impose upon the hotel owner a different standard of care depending upon whether or not a room is occupied. Plaintiffs' argument would have the effect of requiring the hotel owner to assume a higher degree of responsibility for property loss when guests are present in their rooms than when a room is unoccupied. Such an incongruous effect was recognized by the Court of Appeals for the Second Circuit.

While we need not reach the issue, we do note that appellees' construction of the Nevada statute would have the anomalous effect of requiring the innkeeper to exercise the highest degree of care while the guest was in the room, presumably the time when the risk of theft would be slightest.

*Levitt v. Desert Palace, Inc.,* 601 F.2d 684, 686 n. 2 (2d Cir.1979). *Accord Owens v. Summa Corporation,* 625 F.2d 600, 603 (5th Cir.1980). The Nevada legislature could not have intended such a result.

■ The more logical interpretation of the statute is that the phrase "property left in the room" distinguishes between property turned over to the hotel for safekeeping and property that guests allow to remain in their rooms. Our interpretation of the statute is in accord with the determination of the Court of Appeals for the Fifth Circuit in *Owens v. Summa Corporation, supra:*

> We believe that the statute's reference to 'property left in the room of any guest' distinguishes between property left in the room and property given to the hotel for safe-keeping rather than between property left in the room while the guests are out and property that they keep with them while they sleep.

*Id.* at 602. *Accord Kabo v. Summa Corporation,* 523 F.Supp. 1326, 1330 (E.D.Pa.1981). We agree with the Fifth Circuit that this is the most reasonable interpretation of the statute.

Thus, absent guidance from the Nevada courts, we conclude that section 651.010 applies to any guests' property not turned over to the hotel for safekeeping. Section 651.010 is applicable in the instant case regardless of the fact that the plaintiffs were present in the room when the theft occurred.

■ Since we have concluded that the Nevada Innkeepers Statute is applicable and since that statute imposes liability only when gross negligence is proved, defendant hotel cannot be held liable in the instant case. Plaintiffs admitted through counsel that they were unable to prove gross negligence. Therefore, the trial court's grant of defendant's motion for nonsuit was proper.

Judgment affirmed.