## Tuner v. Club Med, Inc.

*Edward B. McDaid,* for plaintiff.
*Joseph V. Pinto,* for defendants.

HILL, *J.,* November 19, 1985—The issue before this court is whether Pennsylvania or French law should be applied to the substantive issues in this case involving the drowning of a Pennsylvania resi-

dent at a resort in Martinique, a department of France.

In Griffith v. United Airlines, Inc., Pennsylvania abandoned the traditional practice of mechanically applying the law of "the place of the wrong" in addressing conflict-of-laws issues and sought a more flexible approach. Griffith v. United Airlines, Inc., 416 Pa. 1, 21, 203 A.2d 796 (1964). While the Griffith court was clear in its rejection of the traditional rule, it did not specifically set out the rule that it would apply instead. As counsel for defense has noted in his brief, it appears that Pennsylvania follows a choice-of-law analysis which combines a "governmental interest" analysis with a "significant relationship" test. See Melville v. American Home Assurance Co., 584 F.2d 1306, 1311 (3d Cir. 1978).

At the outset, it should be noted that the court cannot undertake a precise analysis of competing government interests without familiarity with French law. Nevertheless, the balance would seem to weigh in favor of applying French law. With respect to the appropriate standard of conduct that defendants should be held to, Pennsylvania, of course, has a justifiable interest in providing recovery of damages to its citizens. However, Martinique's interest concerning the liability of its residents is at least equal to, if not greater than, Pennsylvania's interest.

Plaintiff predicates liability on, among other things, defendant's failure to provide a lifeguard on the beaches adjoining its resorts. Whether defendants could be liable under French law is uncertain at this stage of the lawsuit. But as a practical matter, it would be unfair to expect defendant to conform its conduct to the standards of Pennsylvania or every state in the nation or even every country in the

world. Plaintiff herself acknowledges that guests of defendant's resort come from all over the world.

Two Pennsylvania cases cited by defense counsel which involve Nevada innkeepers' liability to Pennsylvania guests for stolen property for allegedly failing to provide adequate security measures, are helpful on this issue. See Levin v. Desert Palace Inc., 318 Pa. Super. 606, 465 A.2d 1019 (1983). Kabo v. Summa Corp., 523 F. Supp. 1326 (E.D., Pa. 1981). In holding the Nevada law applied, the Superior Court in Levin v. Desert Palace, Inc., reasoned that a hotel owner relies on the laws of the state he does business in and should not be expected to comply with the laws of the states of which its guests are citizens. Levin, 308 Pa. Super. at 610-11, 465 A.2d at 1021. Just as an innkeeper in Nevada is entitled to rely upon Nevada statutes, so should defendants be entitled to rely on French law with respect to whether they should have, for example, had lifeguards on the beach where the accident occurred.

In considering the contacts of each sovereignty, our Supreme Court has stated that the contacts are relevant only if they relate to the policies and interests underlying the particular issue. Griffith v. United Airlines, Inc., 461 Pa. at 21. Instantly, Martinique's contacts to the incident are qualitatively greater than Pennsylvania's contacts. Martinique is the place of conduct and the place of injury. Defendant Club Mediterranne is a French corporation. Furthermore, the center of the relationship between the parties was arguably in Martinique where defendant rendered services to plaintiff's decedent, and not, as plaintiff suggests, in Pennsylvania where decedent made his travel arrangements. Pennsylvania's other contacts, which are limited, are by way of the fact that plaintiff's decedent was a

Pennsylvania domiciliary and booked his travel arrangements through an agent in Pennsylvania. Plaintiff's counsel also notes that defendant solicited business in Pennsylvania through its advertising. In determining which law applies with respect to the appropriate standard of conduct, the contacts with Pennsylvania have little relevance relative to Martinique's contact as situs of the allegedly negligent conduct and of the accident.

As to an analysis concerning a "governmental interest," without knowledge of French law it cannot be determined whether there is a conflict between the policies of France and Pennsylvania.

As our Supreme Court has reasoned in Cipolla v. Shaposka, 439 Pa. 563, 567, 267 A.2d 854 (1970), inhabitants of a state should not be put in jeopardy of liability exceeding that created by their state's law just because a visitor from a state offering higher protection decides to visit there. Instantly, plaintiff's decedent was a visitor to Martinique on a week-long vacation. As such, he should not be entitled to carry with him the protection of his home state when such protection increases the standard of conduct or the potential liability of an individual of the host sovereign. At least this should be the case when such sovereign is more than a fortuitous partipant in the incident giving rise to the lawsuit.

It cannot be said that it was purely fortuitous that the accident occurred in Martinique. The paradigm of a fortuitous situs of an accident can be found in Griffith, supra. In that case, plaintiff's decedent was a Pennsylvania resident who was a passenger on a flight that crashed in Colorado enroute from Philadelphia to Arizona. The only contact Colorado had to the parties involved was that the accident occurred there. In the case at bar, Martinique was not only the place of the accident, but was also the place of

the alleged negligent conduct and the doimicile of defendant. Furthermore, plaintiff's decedent was not merely passing though Martinique but was vacationing in Martinique by choice.

Counsel for plaintiff also points to the ease of proof and application of Pennsylvania law as weighing in favor of using Pennsylvania law in this case. While such considerations may be peripheral concerns of the court, expedience should not be of primary importance in making a choice-of-law decision.

Accordingly, the court should apply French law to the substantive issues of liability and damages.

## PRETRIAL ORDER NUMBER TWO

Pursuant to careful consideration raised at pretrial conference number two on November 4, 1985, the court hereby rules that the law of France governs the substantive issues of liability and damages.

Accordingly, the parties should obtain appropriate experts on these questions or prepare a stipulation as to this law to be used at trial.