Christopher **PLANT** and Susannah Plant, Plaintiffs-Appellants,

v.

**HOWARD JOHNSON'S MOTOR LODGE, # 294 Company and John Doe, the clerk on duty January 5, 1982, whose true Christian name is unknown, Defendants-Appellees.**

No. 3–885A213.

Court of Appeals of Indiana, Third District.

Dec. 10, 1986.

William T. Enslen, Enslen, Enslen & Matthews, Hammond, for plaintiffs-appellants.

Joseph Stalmack, Galvin, Stalmack, Kirschner & Clark, Hammond, for defendants-appellees.

GARRARD, Judge.

This is an action by Christopher and Susannah Plant (Plants) to recover the value of the contents of a U–Haul moving van, which was stolen from the parking lot of Howard Johnson's Motor Lodge (Howard Johnson's) in Hammond, Indiana. Howard Johnson's filed a motion for summary judgment alleging that IC 32–8–28–2, the "innkeeper's statute," applied, and limited liability for loss or damage of guest's property to $200.00. The trial court granted this motion and entered judgment for the Plants in the amount of $200.00. On appeal the Plants raise the following issues:

(1) Whether a motel guest's moving van and its contents parked in an outside parking lot is subject to IC 32–8–28–2;

(2) Whether the limitations of liability enumerated in IC 32–8–28–2 apply to such vehicle and its contents stolen from such a parking lot.

The standard of review of a summary judgment requires the appellate court to ascertain that no genuine issue of material fact exists and that the law was correctly applied to the facts of the case. In making this determination, the facts are viewed in the light most favorable to the opponent of the motion. *Siddall v. City of Michigan City* (1985), Ind.App., 485 N.E.2d 912, 913. In this case, the facts most favorable to the Plants reveal that on January 3, 1981 the Plants left New York City in a U–Haul truck destined for Wyoming. They arrived in Hammond, Indiana at approximately 6:00 p.m. on January 5, 1981 and checked into the Howard Johnson's Motor Lodge. At that time, Mr. Plant expressed his concern for the safety of the U–Haul and its contents to the clerk. He even requested a room overlooking the parking lot, but none was available. The clerk informed Mr. Plant that a guard patrolled the parking lot every half hour at night, and Mr. Plant was directed to park his U–Haul in the truck parking lot. At no time did an employee of Howard Johnson's drive the vehicle, nor did Mr. Plant relinquish the keys. The next morning, the Plants awoke to find that the U–Haul and its contents had been stolen. The U–Haul was later recovered, but the contents were missing, with the exception of one blue note book.

I.

The Plants first attack the trial court's grant of summary judgment on the ground that it misapplied the law. Specifically, they claim that IC 32–8–28–2 applies only to personal property brought into the hotel and not to a U–Haul and its contents parked in an outside parking lot. Therefore, their recovery should not be limited by the "innkeeper's statutes."

At common law, an innkeeper was prima facie liable for any loss or injury to the goods of his guest, not occasioned by an act of Providence, the public enemies or the fault of the guest. This liability was based upon the presumption that the loss or injury arose from the negligence or fault of the innkeeper, but the innkeeper could exculpate himself by proof that the loss did not happen through any neglect or fault on his part, or that of his servants for whom he was responsible. *Laird v. Eichold* (1858), 10 Ind. 159, 161; *Bowell v. DeWald et al.* (1891), 2 Ind.App. 303, 307, 28 N.E. 430, 433. This innkeeper's liability extended only to property that was "*infra hospitium,*" that is, property that was within the inn. *Davidson v. Madison Corporation* (1931), 257 N.Y. 120, 123, 177 N.E. 393. However, it was widely recognized that

property could be *infra hospitium* although it was not in the building used for the accommodation of the guests. 40 Am. Jur.2d *Hotels, Motels & Restaurants* Sections 135, 136, 141, 142. Instead, any property placed within the innkeeper's custody and control at the time of loss or damage could invoke liability. *Id.* Thus, at common law, the key question in determining whether an automobile and its contents were *infra hospitium* was whether the automobile was in the custody and control of the innkeeper. *See* 52 A.L.R.3d 433 and cases cited therein. To determine the application of *infra hospitium,* the American courts have usually looked to the extent of the innkeeper's control and whether an additional charge was made for storage. *Cloward v. Pappas* (1963), 79 Nev. 482, 387 P.2d 97; *Sewell v. Mountain View Hotel, Inc.* (1959), 45 Tenn.App. 604, 325 S.W.2d 626.

In Indiana the legislature has addressed an innkeeper's liability for the property of its guests.[1] IC 32–8–28–2 reads as follows:

"Except as provided for in the foregoing section the hotel, apartment hotel, or inn, or the proprietor or manager thereof, shall not be liable for the loss of or damage to personal property, other than merchandise samples or merchandise for sale, *brought into such hotel,* apartment hotel, or inn by any guest thereof, exceeding two hundred dollars ($200.00) in value, whether such loss or damage is occasioned by the negligence of such proprietor or manager or his agents or otherwise, unless such manager or proprietor shall have contracted in writing to assume greater liability. This limitation of liability shall apply only with respect to the liability for the safekeeping of any luggage or other personal property left in any hotel, apartment hotel, or inn to be checked in any checkroom operated by such hotel, apartment hotel, or inn, whether such luggage or other personal property is brought in by

and belongs to a guest or to a person who is not a guest." (emphasis added)

The statute discloses a legislative intent to alleviate the common law rule by limiting the amount of the innkeeper's liability.

Plants correctly point out, however, that since the statute is in derogation of the common law it should be strictly construed. *Stayner v. Nye* (1949), 227 Ind. 231, 85 N.E.2d 496. Of even greater significance in Indiana is the rule that courts may not construe a statute to avoid the plain meaning of the language employed by the legislature. *DeHart v. State* (1984), Ind.App., 471 N.E.2d 312, 314.

Thus, despite the fact that the common law went so far as to include some items not actually brought within the physical structure of the inn, the statute does not. By its plain language it applies only to personal property "brought into" such hotel or inn. Accordingly, a motel guest's moving van and its contents parked in an outside parking lot are not subject to IC 32–8–28–2, and the court erred in the summary judgment entered.

Howard Johnson's additionally argues that if the statute is not applicable then it has no liability to Plants.

We agree that the statute supplants the strict liability imposed by the common law under the doctrine of property *infra hospitium.*

It argues that under Indiana law no bailment for hire or for mutual benefit was created because there was no actual or constructive delivery of possession to the motel since Plants retained the keys and the parking lot was open. We agree that the cases require a delivery. *See Stubbs v. Hook* (1984), Ind.App., 467 N.E.2d 29; *Weddington v. Stolkin* (1952), 122 Ind. App. 670, 106 N.E.2d 239. Thus, it urges that as in *Weddington* it "merely granted storage space" and had no duty except to refrain from wilfully damaging or destroying the property.

**1.** Our discussion of this issue will deal only with IC 32–8–28–2 since both parties agree that IC 32–8–28–1 applies only to goods of "small compass" and not to the moving van and the personal property contained within it.

It is with this conclusion that we disagree because liability need not be predicated upon the basis of a bailment for mutual benefit. Our tort law imposes liability for the failure to use ordinary care where there is a duty to do so. Whether such a duty exists is a question of law that arises from some relationship between the parties. *Neal v. Homebuilders, Inc.* (1953), 232 Ind. 160, 111 N.E.2d 280, *reh. den.* 232 Ind. 160, 111 N.E.2d 713.

■ It is beyond dispute that the status of Plants as registered paying guests of the motor lodge was one of mutual benefit for the parties. It seems equally beyond dispute in modern society with its love of and dependence upon travel by motor vehicle that available parking for such vehicles is an integral and essential ingredient to establishing the relationship. From this we may unhesitatingly conclude that such an innkeeper has incurred the duty to exercise ordinary care to prevent loss or damage to the vehicles of its guests. Whether such liability extends to the contents of such vehicles would depend upon whether the patron exercised reasonable care in leaving the property in the vehicle under the circumstances.

We, therefore, reverse the summary judgment and remand for further proceedings consistent herewith.

Reversed and remanded.

STATON, P.J., and HOFFMAN, J., concur.