## Waschel v. King Tour & Travel Services Inc.

*Alvin Krantz,* for plaintiff.
*William Cilingin,* for defendant.

BERNSTEIN, *J.,* October 29, 1999—Plaintiff Barbara Waschel filed this negligence action against defendants King Tour & Travel Services Inc. d/b/a King Motor Coach Bus Company and Raymond Bidding alleging she sustained injuries while a passenger on a bus. Plaintiff claimed that the bus swerved to avoid striking a pedestrian, thereby causing her to fall to the floor of the bus and suffer injuries. This case presents issues of the duty of care of a common carrier, motor vehicle law, obligations and rules of the road of New Jersey, the sudden emergency doctrine and a defense of plaintiff's duty to mitigate.

On September 28, 1999, following a pretrial conference at which the case was scheduled for trial in November 1999, an order was issued directing counsel to provide a memorandum of law addressing the applicable procedural and substantive law. Substantive memoranda were never submitted. Instead, counsel provided the court with memoranda of law which addressed only a conflict of law analysis. The defense memorandum of law argued that New Jersey law applied. Simultaneously, counsel submitted a signed stipulation stating that the case should be tried in accordance with Pennsylvania law.

Therefore, this court is presented with the following question: Can the substantive rules of the road of Pennsylvania apply to determine the legal obligations of a bus driver driving on the roads of New Jersey because the party injured in New Jersey is a Pennsylvania resident, and brings suit in Pennsylvania?

On May 30, 1996, plaintiff, a Pennsylvania resident, was a passenger on a chartered bus owned by King Tour & Travel Services Inc., a Pennsylvania corporation. The bus was driven by Mr. Bidding, an employee of King, also a resident of Pennsylvania.

Mr. Bidding was driving on Pacific Avenue, at the intersection of Brighton Avenue in Atlantic City, New Jersey. Approximately halfway into the turn, a pedestrian crossed in front of the bus. To avoid the pedestrian, Mr. Bidding swerved the bus. Plaintiff claims she was hurt. In new matter, defendants assert that plaintiff's claim is barred by the statute of limitations and limited by plaintiff's failure to mitigate damages.

A two part choice of law analysis must be applied.[1] A court must first analyze whether a true or false conflict

1. The Pennsylvania choice of law analysis is governed by *Griffith v. United Air Lines Inc.,* 416 Pa. 1, 203 A.2d 496 (1964). *Griffith* aban-

exists.[2] "A false conflict exists if only one jurisdiction's governmental interests would be impaired by the application of the other jurisdiction's law. In such a situation, the court must apply the law of the state whose interests would be harmed if its law were not applied."[3] By contrast, a true conflict exists "when the governmental interests of both jurisdictions would be impaired if their law were not applied."[4]

Only if a true conflict between the laws exists must any consideration of state interests be given. In making this determination, the court should evaluate what contacts each state has with the accident, "the contacts being relevant only if they relate to the policies and interest underlying the particular issues before the court."[5] In performing a conflict of laws analysis relating to tort claims, courts may consider the following: the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile, residence, nationality, place of incorporation and place of business of the parties; and the place where the relationship between the parties is centered. The court must perform a qualitative, not quantitative, analysis.[6] If no difference in the law exists, there is no conflict.

---

doned the lex loci delicti approach and adopted a methodology which is a combination of the "government interest" analysis and the "significant relationship" approach of section 145 of the Restatement (Second) of Conflict of Laws (1971).

2. *Kuchinic v. McCrory,* 422 Pa. 620, 623-24, 222 A.2d 897, 899-900 (1966).

3. *Lacey v. Cessna Aircraft Co.,* 932 F.2d 170, 187 (3d Cir. 1991).

4. *Id.* at 187 n.15.

5. *Cipolla v. Shaposka,* 439 Pa. 563, 566, 267 A.2d 854, 856 (1970).

6. *Laconis v. Burlington County Bridge Commission,* 400 Pa. Super. 483, 492, 583 A.2d 1218, 1222-23 (1990).

It is obvious that if the laws of Pennsylvania and New Jersey are substantively the same, no conflict exists and either state's law may be applied. In the instant case, counsel have not addressed whether there is any difference between Pennsylvania and New Jersey substantive law in the areas of motor vehicle operation, sudden emergency doctrine or duty to mitigate. For purposes of this opinion, this court will assume there is some significant difference.

Under the *Griffith* test, the law of the state which has the greater interest in the application of its law governs.[7] Although the law provides for monetary payment there is a more significant purpose than to redistribute wealth after injury. The purpose of the law of negligence is to control behavior to avoid accidents and injury. In the instant case, the bus driver was driving in New Jersey and subject to the New Jersey motor vehicle laws. Pennsylvania rules of the road cannot possibly determine the obligation of a driver driving on the roads of New Jersey. Neither can it possibly control civil responsibility. If it did, and was different, the driver would be in a Hobson's choice of exposure to New Jersey criminal violation or Pennsylvania civil liability. Therefore, applying *Griffith* to this case, the law of New Jersey must govern the duty of a driver. There is no significant interest that the Commonwealth of Pennsylvania furthers by having its substantive law applied as to duties of drivers where the alleged tort occurred in New Jersey.

*Levin by Levin v. Desert Palace Inc., infra,* is analogous. In *Levin by Levin,* plaintiff, a Pennsylvania resi-

---

7. *Griffith v. United Air Lines Inc.,* 416 Pa. 1, 22, 203 A.2d 796, 805 (1964).

dent, claimed that a Nevada hotel was negligent for failing to provide adequate security measures for plaintiff's property in Nevada. Plaintiff requested that the court apply Pennsylvania law to their Pennsylvania lawsuit. The court denied plaintiff's request stating:

"Obviously, Pennsylvania has an important interest in protecting the welfare of its citizens. We conclude, however, that this interest is outweighed by Nevada's interest in regulating the conduct and prescribing the liability of hotel owners within its jurisdiction. . . . It could not be expected that a hotel should comply with the laws of all the states of which its guests are citizens." [8]

Similarly, in *Hager v. Etting,* plaintiff, a citizen of Pennsylvania, was injured while diving off of a dock at a party in New Jersey. The Pennsylvania Superior Court held that, although plaintiff was a Pennsylvania resident, a conflict of law did not even exist. The court stated:

"We see no significant interest that the Commonwealth of Pennsylvania would further by having its law applied as to duties of possessors of land where the alleged tort occurred in New Jersey." [9]

Similarly, a driver driving in New Jersey must be subject to the laws of New Jersey. Pennsylvania law cannot govern a driver on New Jersey roads. Accordingly, New Jersey substantive law shall govern the trial of this case. Counsel are directed to file points for charge as to all applicable law not later than the start of trial.

---

8. *Levin by Levin v. Desert Palace Inc.,* 318 Pa. Super. 606, 610-11, 465 A.2d 1019, 1021 (1983).

9. *Hager v. Etting,* 268 Pa. Super. 416, 419, 408 A.2d 856, 858 (1979).